*338 OPINION of the Court, by
Ch. J, Botue.
The defendant in error having obtained a judgment against Burks and Bullock, sued out a fieri Jadas thereon, which was endorsed for the benefit of James Allin. The sheriff returned that he had taken in virtue of the execution three stud horses, the property of Burks, and that the execution was stayed three months by order of Al-lin, and that Burks waived his right of replevin. After the expiration of three months another fieri Jadas was issued upon the judgment, which the sheriff returned executed and replevied.
To quash this latter execution, Burks and Bullock, together with their security in the replevin bond, oh- *339 tained a writ of error coram vobis, with supersedeas, and assigned for error, in substance — 1st, That nó execution could issue upon the judgment, as it was discharged by the return made by the sheriff upon the first fieri- facias. 2ndly, That if any execution could have been legally issued, it should have been a venditioni exponas, and not sl fieri facias. 3rdly, That Burks had on the first execution given bond, with Titus Hunter his security, for the delivery of the property taken by the sheriff, who had returned the bond to the clerk’s office ; and that the execution should have issued upon that bond, and not upon the original judgment.
Neither does a delivery bond given prevent the plaintiff from fuing out a /. fa after the expiration of the time,»
The court below deeming the errors insufficient, refused to quash the execution, and gave judgment against the plaintiffs in error with damages and cost, from which they have appealed to this court.
1. It cannot be admitted, as is supposed in the first error assigned, that the judgment was released by the return made by the sheriff upon the first execution. So far is the direction to stay the execution for three months from creating a presumption that it was the intention of the parties that the judgment should be thereby extinguished, that the contrary is necessarily implied; and we are aware of no rule of law which would require such a transaction to be construed into a release or extinguishment of the judgment, contrary to the manifest intention of the parties.
2. The second assignment of error is completely defeated by the averments contained in the third: for if, as is alleged, a bond for the delivery of the property taken by the sheriff was given by Burks, the property must have been given back to him; and it is only where the property remains unsold in the hands of the sheriff that a venditioni exponas is the proper form of execution.
3. The third error assigned, though it shews that a venditioni exponas would not have been proper, does not make out a case which, taken in connection with the ■return of the sheriff, would justify an execution upon the bond taken for the delivery of property: for though the bond was returned by the Sheriff, the return made upon the execution, not only by omitting to state that such a bond was given, but by stating the agreement to stay the execution on the one side and to waive the right *340 of replevin on the other, clearly demonstrates that the bond was not to have the effect of a delivery bond.
The judgment must therefore be affirmed with costa and damages upon the damages adjudged to the defendant by the court below.