## Eldridge *vs* Chambers.

### ERROR TO THE BOONE CIRCUIT.

*Executions. Sheriffs' returns. Motions.*

MOTION.

*Case* 97.

*June* 14.

JUDGE SIMPSON delivered the opinion of the Court, 27th December, 1847, but the opinion was suspended by petition for a re-hearing, until the 14th July, 1848, when the petition was overruled.

IN December, 1840, an execution issued from the office of the Boone Circuit Court, in favor of Joseph Chambers against William W. Eldridge and others, for the sum of thirteen hundred and fifty six dollars, seventy eight cents. It issued on a replevin bond executed by Eldridge and Clarkson as principals, with John Cave, J. V. Conn and J. H. Kertley as sureties, directed to the

Case stated.

Sheriff of Boone county, and returnable on the sixth day of February next following.

On that execution the Sheriff of Boone made the following return: "Levied this execution January 21st, 1841, on one brick house and three lots, given up by Joel H. Kirtley, also on one house and lot given up by John Cave, also on J. V. Conn's crop of tobacco and one horse and one yoke of oxen.

"Stayed by agreement of parties, March 1st, 1841."

On the 3d day of March, 1841, another execution issued on the replevin bond, and was, in the same month, levied by the Sheriff of Boone, into whose hands it came, on the real and personal estate of the defendant, Eldridge. The Sheriff afterwards, in pursuance of the direction of Eldridge, instead of selling the personal estate, sold the tract of land on which the execution had been levied, and the plaintiff in the execution being the highest bidder, became the purchaser.

Eldridge afterwards made a motion in the Boone Circuit Court, to quash the last execution and the sale; to which he made Chambers, who was plaintiff in the execution and also the purchaser of the land at the sale, a defendant. His motion was overruled, and he prosecutes this writ of error to reverse the judgment of the Circuit Court.

The officer who levied the first execution, was introduced as a witness on the trial of the motion, and proved the levy to have been made on the property of the sureties, and that after it had been made, Eldridge and the sureties, and Chambers, the plaintiff in the execution, agreed that the property levied on should be released, in order that another execution might issue and be levied on the property of the principal. He also stated, he considered the property levied on released by the arrangement, and such was the understanding of the parties, as he supposed.

The proper meaning and effect of the return made by the officer on the first execution, forms an important enquiry in determining the regularity of the subsequent proceeding by execution on the replevin bond. If as contended, the return conclusively imports, a continued

existence of the levy, then as the property levied on remained liable for the satisfaction of the demand, a *venditioni exponas* should have issued, directing its sale for that purpose, and it was irregular to issue another execution, and levy it on other property.

Does this return indicate a continuation of the levy, or on the contrary, a release of the property levied on, and its restoration to the defendants in the execution? When an officer returns an execution levied and stopped or stayed by injunction or supersedeas, the return imports a cessation of the levy and a release of the property. Why should not a return, that the execution, after having been levied, was stayed by the agreement of the parties, have the same meaning and effect? We think it does. The execution of the process is evidently stopped. A continuation of the levy under it would be clearly inconsistent with the act of the parties, in putting an end to its execution. When its execution is stopped, no further action can be had, either on it or by any other process for its enforcement. The levy ceases, the lien is lost, and the plaintiff has to sue out another execution. The only difference between a return in cases where executions are stopped by injunction or supersedeas, and the one we are now considering, is, that one is produced by the act and operation of the law, the other by the mere act of the parties. The language, however, being similar in each case, no reason for discrimination exists, and the same meaning and effect should be given to both. This view is substantially sustained by the decision in the case of *Burks, &c.* vs *Bass*, (4 *Bibb*, 338.)

If, however, any doubt exists in relation to the true construction of this return; if it does not conclusively mean what we suppose its language imports, still it does not necessarily imply a continuation of the levy, and a retention of the property under it. Admitting it to be ambiguous, and not to indicate decisively, either a continuation or release of the levy, it follows that the plaintiff in the execution, upon its return, had a right to sue out another; which the defendant could only have quashed by a motion for that purpose, and the in-

Where an officer returns an execution "stopped or stayed by injunction," the property levied on is released; so is it released when it is returned by the Sheriff "stayed by agreement of the parties'," and the levy ceases and the lien is lost: *Burks, &c.* vs *Bass*, (4 *Bibb*, 338.)

troduction of satisfactory proof that the previous levy was still in force, and no discharge of the levy or surrender of the property had been made. Here, however, the proof shows a release of the levy with the assent of all the parties, and the consequent legality of the subsequent proceeding by execution on the replevin bond.

Had the motion of the plaintiff in error been predicated alone upon the record, and no other evidence been adduced by either party, it must have failed. It could not have been sustained if the return, as we suppose it does, imports a discharge of the levy. If its meaning be ambiguous, requiring the aid of extrinsic evidence for its explanation, still the motion, in the absence of such evidence, must have failed. It could only be sustained by giving to the return a meaning and effect, viz: (that the levy had been retained,) of which we think it is not susceptible, without doing violence to the language used, and the probable intention of the parties.

Whether, therefore, the evidence of the officer who made the return, and who was introduced as a witness by the defendant in the motion, was competent for the purpose of explaining the return or not, is immaterial, as the plaintiff in the motion having relied upon the record alone, was not entitled to a judgment in his favor.

Wherefore, the judgment of the Court overruling the motion of the plaintiff in error, is affirmed.

*J. T. Morehead, Stevenson and Hord* for plaintiff: *J. & W. L. Harlan* for defendant.