Keith vs. Wilson.

CASE 51————————OCTOBER 22.

## Keith vs. Wilson.

APPEAL FROM FULTON CIRCUIT COURT.

Writs of *venditioni exponas* confer no new authority upon the officer to whom they are directed, but only require him to do that which he was authorized to do by the former execution.

Where the execution of a *fieri facias*, which has been levied, is arrested by either an injunction or supersedeas, the levy is released and the lien created thereby discharged. The officer has no lawful control over the property after the service of either precept, and it becomes then his duty, if it is in his possession, to restore it to the defendant.

Where the execution of a *fieri facias* which has been levied has been stopped by injunction or supercedeas, upon discharge thereof a writ of *venditioni exponas* cannot issue, and if issued it will be void and, together with the sale made thereunder, will be quashed.

Keith vs. Wilson.

In such case the plaintiff in the *fi. fa.* has his recourse upon the injunction and appeal bonds for any damage sustained by the effect of the injunction and supersedeas; and the purchaser of the property under the writ of *venditioni exponas* is not without his remedy. *Argu.*

The Civil Code has not diminished or changed the force and effect either of an injunction or a supersedeas. The mode of procuring such process has been changed, but when procured it is entitled to the same force it always had.

The objection for want of parties comes too late when presented for the first time in the court of appeals; it must first be made and acted upon in the court below.

E. I. BULLOCK, for appellant, cited *Rev. Stat., page* 318; 3 *Bibb*, 344; 4 *Ib.*, 94; 8 *B. Mon.*, 413; 5 *Ib.*, 351; 2 *Litt.*, 121; ·7 *B. Mon.*, 616; 3 *Litt.*, 127; 3 *Mon.*, 273; 4 *J. J. Mar.*, 600; 5 *Dana*, 227; *Pr. Dec.*, 264–5.

JNO. RODMAN, on same side, cited 8 *B. Mon.*, 413; 4 *Bibb*, 94; *Pr. Dec.*, 264–5; *Eden on Injunctions, pages* 101–2.

JAS. HARLAN and KINGMAN & GARDNER, for appellee, cited *Civil Code, sec.* 298; 13 *B. Mon.*, 511; 1 *Litt.*, 295.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

In March, 1858, the Bank of Louisville obtained a judgment in the Fulton circuit court against Keith and others for $5,158, and caused an execution to be issued thereon, which was replevied in April following. Execution was afterwards issued upon the replevin bond, and placed in the hands of the jailer who, on the 23d July 1858, levied it upon a slave and wharf-boat as the property of Keith, and advertised the same for sale on the 6th September, 1858. Upon that day Keith filed his petition in said court, and obtained an injunction staying the sale until he could procure a quashal of the replevin bond and execution, which he charged to be irregular and illegal.

The injunction was served upon the jailer, who made an indorsement upon the execution, reciting the fact that the sale "had been stopped by injunction," but did not return the execution to the office.

At the September term, 1858, of the said court the motion to quash the bond and execution was overruled, the injunction discharged, and petition dismissed with costs. From that judgment Keith appealed, executed an appeal bond, and obtained a supersedeas, which was also served upon the jailer, who

then returned the execution to the clerk's office, with the following additional statement indorsed thereon :

"I did, after the dissolution of the injunction named above, advertise the wharf-boat of Joseph Keith for sale, as the law directs in pursuance to the levy heretofore made, but before the hour of sale arrived I was prohibited from selling the same by a supersedeas from the clerk's office of the Fulton circuit court. Sept. 29th, 1858. JULIAN NAIL, J. F. C."

Afterwards, at the Winter term, 1858, of this court, the judgment of the circuit court dissolving the injunction, &c., was affirmed, and, at the following March term of the Fulton circuit court the mandate of affirmance was entered, with a judgment for damages. Immediately afterwards a *venditioni exponas* was issued by the clerk of said court, directed to the jailer, commanding him to sell the wharf-boat and other property upon which he had previously levied in 1858, and which, as the process states, remained "*in his hands unsold*," as certified by his previous return.

Under and by virtue of this process the jailer proceeded to advertise the property, and on the 11th April, 1859, sold the same, and Wilson became the purchaser of the wharf-boat at the price of $1,900.

At the September term, 1859, of the Fulton circuit court, Keith, upon notice to Wilson and the bank, moved to quash the *venditioni exponas* and sale, upon various grounds set forth in his notice, and, among others, that said process was illegally issued by the clerk, and void. The court however overruled his motion, and made him responsible for costs, and of that order he now complains.

The authority for the issual of a *venditioni exponas* is to be found in *article* 6, *chapter* 36, *of the Revised Statutes*, (*Stanton's edition*, *vol.* 1, *page* 475,) the first section of which reads as follows :

"When the sheriff or other officer shall return, on a writ of *fieri facias*, that the estate levied on or any part thereof *remains in his hands unsold*, a writ of *venditioni exponas* may issue, directed to such officer."

This provision is a substantial re-enactment of the 10th section of the act of 1828, (1*st vol. Digest*, 637,) and the form of the writ prescribed in the 2d section of the article, *supra*, is precisely similar to that furnished by the above mentioned act.

As held by this court at an early day in *Cox vs. Joiner*, (4 *Bibb*, 94,) and in numerous subsequent cases, writs of this description confer no new authority upon the officer to whom they are directed, but only require him to do that which he was authorized to do by the former execution.

If, therefore, the levy of the jailer, made in July, 1858, upon the wharf-boat and other property, continued in force, and was unaffected by the injunction and *supersedeas* arresting the sale, and he could, notwithstanding such process, and the return of his execution, have gone on to effectuate his levy by a subsequent sale of the property, no doubt can be entertained as to the right of the clerk to issue the *venditioni exponas*, and none as to the propriety of the sale thereunder.

But it seems to us that to impart such effect to the levy in question would virtually abrogate writs of injunction and *supersedeas* in such cases, and be in violation of well established principles of law that have been recognized by this court for more than half a century.

In the case of *Flowers vs. Fletcher*, reported as early as 1803, (*Pr. Decisions*, 265,) the question was, whether a forthcoming bond and an execution issued thereon were of any legal effect after further proceedings upon them had been stayed by *supersedeas ;* and the court held that they were not, but should have been quashed on motion, remarking, that "in cases where an execution has been levied, or even the money made, but not paid to the plaintiff, if the defendant obtains an injunction, the property has to be restored or the money returned to the defendant; and also, (in reference to the case then in hand,) that if the property for the forthcoming of which the bond in question was executed, had been delivered to the sheriff, he would have had no right whatever to sell it.

The same principle was recognized in *Burks vs. Bass*, (4 *Bibb*, 338,) and again in *Eldridge vs. Chambers*, (8 *B. Mon.*, 411,) where it is distinctly stated, not as a *dictum* merely, but as a

principle of law properly applicable to the case in hand, that when an officer returns an execution levied and stopped by injunction or supersedeas, such return, of itself, imports a cessation of the levy and a release of the property. This ruling is in perfect harmony with the English decisions and elementary works relating to the same subject. (*Eden on Injunctions, pages 100–101; 16 Vesey,* 141.)

According to the rule thus stated, the effect of the injunction and *supersedeas,* or either one of them, was to arrest the execution of the *fieri facias* which had been levied on the property in July, 1858, release the levy and discharge the lien created thereby. The jailer had no lawful control over the property after the service of either precept, and it became then his duty, if it was in his possession, to restore the same to Keith. It was no longer in his hands, subject to the execution that had been levied on it, the force and vitality of which had been ended by the issual of the precepts referred to; nor was it subject to any subsequent writ of *venditioni exponas* issued to enforce the command and execution of the previous writ, which had been countermanded by the injunction and supersedeas issued by competent authority. Indeed, the evidence shows that the jailer himself never regarded the property as being under his control after the service of the *supersedeas,* until the mandate of this court affirming the judgment of the circuit court of September, 1858, was entered in that court.

It is manifest, for the same reasons, that the clerk had no right to issue the writ of *venditioni exponas.*

The Revised Statutes, *supra,* only permit its issual when it appears, from the return of the sheriff or other officer having an execution, that the estate levied on or some part thereof remains in *his hands* unsold.

Now here it not only does not appear that the jailer had any part of the estate levied on in *his hands* unsold, but, as we have seen, it was manifest that his authority and control over the property had ceased by reason of the injunction and supersedeas referred to, and that it was not, therefore, in his possession.

So that no case was presented for the issual of the writ, and it results that the same was void, and that the sale and other

proceedings thereunder were illegal and unauthorized, and should, together with the writ, have been quashed and set aside.

In reply to the suggestion that the cases of *Eldridge vs. Chambers* and *Burks vs. Bass, supra,* arose prior to the adoption of the Civil Code, and do not apply to proceedings had thereunder, it is sufficient to say that the Civil Code has, in no wise, diminished or changed the force and effect either of an injunction or a *supersedeas.* When issued by proper authority they must be obeyed by all persons to whom they are directed. The mode of procuring such process has been changed, but when procured it is entitled to precisely the same effect, and has the same force it always had.

Neither do we regard the case of *Daviess vs. Myers,* (13 *B. Mon.,* 512,) as at all militating against the conclusion stated herein, or in conflict with the cases of *Eldridge vs. Chambers* and *Burks vs. Bass, supra.* The latter cases are referred to in *Daviess vs. Myers,* and the distinction between the cases pointed out. Here, as in *Flowers vs. Fletcher* and in *Eldridge vs. Chambers,* the execution had been *returned,* and not *retained* as in the case of *Daviess vs. Myers,* and it is difficult to perceive upon what ground this case can be taken out of the principle already stated.

The plaintiffs in the execution have their recourse upon both the injunction and appeal bond for any damage sustained by the effect either of the injunction or *supersedeas,* and, as said by this court in *Sanders vs. Hamilton,* (3d *Dana,* 550,) and in *Hackley vs. Swigert,* (5 *B. Mon.,* 88,) the purchaser of the boat is not without his remedy. The inconvenience to which the plaintiff is subjected by turning him to his bonds for redress will be hardly insisted upon as a sufficient reason for departing from a well settled rule of law. The objection for want of parties, if available at all, comes too late when presented for the first time in this court—it ought to have been made and acted upon in the court below.

For the reasons stated the judgment of the circuit court, overruling the motion to quash the *venditioni exponas,* and sale

made thereunder, is *reversed*, and cause remanded for a quashal of said process and sale, and for further proceedings not inconsistent with this opinion.