OPINION ol^he Court, by Judge
Owsiey.
Thede-⅛ fendant in error had issued against the estate of the Plaintiff, ⅛ virtuq of a judgment for costs,, a writ offieri and caused it to be levied by the sheriff upon a lot of ground in the town of Winchester; hut the re-! ^urn thfsjierifqcias having elapsed before the dáy °f sale, the sheriff made return thereof to the clerk’s of-fice from whence it issued, and obtained a venditioni ex-Ponas’ ai*d on the same day it bears date exposed the lot ⅛0 sa*e-* and took from the purchaser bond with security for the purchase money, as required bylaw. Subse-qUent to this the plaintiff had a notice regularly serves! uP°n the defendant and Samuel Hanson, who became -the purchaser of the lot under the execution, and movedl the circuit court of Clarke, from whose office the fieri issued» to qiiash the execution, sale and bond; but the court refused to hear evidence dehors the record and proceedings, and being Of opinion there was no irre-g.u)arjty apparent on the face of the proceedings, over-ruled the motion. Exceptions were taken to the opinion of the could, and the case brought to this court by writ
In deciding this case two inquiries are presented fon consideration ; 1 st, with respect to the questions ol'law; apparent on the face of the proceedings; and 2ndly, aa the correctness of the decision of that court in refus-ing to permit parol evidence to. establish other ureguia-riiies dehors the record.
making the first inquiry, two questions arise for de-cison — 1st, Can land be sold under a fieri fiadas issued upon a judgment for costs ? And if itcan, 2d, was it re ⅞ sej| the lot in question on the day the venditioni vwponas bears date : .
An answer to the first question is to be found in thg ac^ subjecting lands to the payment qf debts. By that act it, is expressly provided that lands may be sold in sa-. tisfaction of all judgments. To apply that act to on® class of judgments, in exclusion of any other, would require an arbitrary construction, in direct hostility to it% provisions, and such as cánnot be warranted by any precedent or principle.
With respect to the second question, we have no doubt fiut what tlie saje may have been regularly made on the. *95 day the venditioni exponas issued. That execution gave the sheriff no new authority.(a) Although the fierifa-cias under which the levy was made, had become returnable, the authority of the sheriff did not thereby become extinct: it was his duty still to proceed in the completion of the execution of that writ by making sale of the land; and for a failure to do so, he would be not only liable to the plaintiff in üiejieri facias, but he might also be proceeded against for a contempt of the court. The venditioni exponas could therefore have no operation but to compel the sheriff to perforin his duty under the original writj and hence it could not require the sheriff again to advertise or do any other act which had been previously regularly done.
Whether the sheriff regularly advertised the time and place of sale, and in other respects performed Ms duty correctly in selling the lot, are points to which the pa-rol evidence was intended to apply : and whether the court below acted correctly in rejecting that evidence* forms the subject of the second branch of our inquiry. We have not thought it material to decide upon thccom-petency of the evidence offered : for admitting its Competency, it could not affect the regularity of the writ under which the sale was made; and as it conduced to the establishment of facts dehors the record, tending in some respects to impeach the validity of the sale, the refusal of the court to try those facts by way of motion, does not form the proper subject of reversal by , tljis court. It is true by the act of 181Ó, (4 Littell 2? 8}, all fcovinous or fraudulent sales of land made by sheriffs under writs offieri facias, may by motion be avoided, if commenced within one yearand as the evidence which was rejected by the court beiow might in some degree conduce to prove such a fraud, that evidence, in a proceeding under the act, if competent, should he admitted; but in as much as the motion in this case was not commenced within one year from the sale by the sheriff, the plaintiff has not brought himself within that act, and consequently cannot avail himself of its benefits. ,
. But it is contended that although the plaintiff may not have brought his case witliin the influence of the act of 1810; yet as at common law he had a right by motion to the decision of the court upon the facts and law. in relation to the validity of the sale 5 and as the limitation of one year applies only to proceedings under the act, it is urged the evidence should not have, been rejected.
*96 Whether at common law it would be regular in any possible case to quash a sale made by an officer under an execution, for fraud, collusion, or any other improper-act extraneous the record, we have not thought it proper or material to inquire. Perhaps cases may exist where the exercise of such a power may be proper. Be that however as it may, we have no doubt but the court below acted fcorrectly in this case in refusing to hear parol evidence and investigate those facts tending to prove a collusion between the sheriff and purchaser as to the sale in question.. By that refusal the plaintiff can sustain no injury. If he is in possession of the lot, he may defend, that possession by the production of that proof; or if he should not have the possession, lie has ample remedy ⅛ É» ordinary mode of action to regain that possession, and in the power of á court of equity to relieve against any fraud or collusion which may have been committed on him. As then the plaintiff can have sustained no injury by the refusal of the court to sustain his motion, but has ample remedy in the ordinary and accustomed mode, where from the manner of proceeding the ends of justice krie more likely to be attained; and as also the plaintiff has suffered that time to elapse which precludes him from proceeding under the statute j under these circumstances we think the court below properly rejected the inquiry into those facts, and correctly overruled the motion.
Judgment affirmed with costs.

 Accord. Irvine vs Pickett, vol. 3, 344.