*42 Opinion of the Court,
by Ch. J. Boyle.
This was an action of. ejectment on the demise Thompson M. Ewing, against Smith Lofland. On the trial in the circuit court, the lessor of the plaintiff, after deducing title from the commonwealth to Lofland, the land in controversy, produced in evidence the-records of judgments in debt against Lofland, and executions of writs of fieri facias, with the return of D. W. Poor, deputy sheriff of Urbin Ewing, sheriff of Logan countY) that he had levied the same upon the land in dispute, which remained unsold for want of time; writs venditioni exponas, which issued in consequence of saj¿j return, and the deed of the said Poor, as deputy of Urbin Ewing, made to the lessor of the plaintiff, as the purchaser at the-sale of the land under the executions, The ¿eed from P'oor, as deputy sheriff, contained, bosides the usual recitals, a stipulation “that he was not to be liable, in case the sale should be illegal, on account of the resignation of Urbin Ewing, late sheriff of Logan county, or on account of part of said land being and lying in the county of Todd, which has been strict- *43 en off from said county of Logan, by a line run since the levy of said execution upon said land.” .To the reading of this deed in evidence, the defendant objected; but the court overruled the objection, and permitted it to be read. '
a traat of levied on, is stricken into anoyeTitmayte sold by the of-A°er levying,
jt ¡s not e to reject evidence offered f°c^r°vhich can i1;vve no, effect in the
The lessor of the plaintiff then proved by the said deputy sheriff, that the defendant gave up the said land, and directed him to levy the executions thereon, which he did as deputy sheriff of Urbin Ewing, who was then high sheriff of Logan county, and that the defendant had the possession thereof at the time of the service of the declaration in this cause.
This being all the evidence on the part of the lessor of the plaintiff, the defendant moved the court to instruct the jury as in case of a nonsuit; but the court overruled the motion. The defendant then offered to prove that Urbin Ewing had resigned his office of sheriff, before the sale of the land by his deputy, and even prior to the emanation of the venditioni exponas, and that he had, since his resignation, given to his deputy no new authority nor directions to sell; but evidence being objected to on the part of the lessor of the plaintiff, the court sustained the objection. A ver-, diet was found for the plaintiff, and the defendant moved the court for a new trial; but the court overruled his motion; to all which opinions of the court he excepted, and a judgment being rendered against him, he has appealed to this court.
The first question which presents itself relates to the admissibility of the deed from the deputy sheriff to the lessor of the plaintiff, as evidence. The first objection to the deed, is, that it appears upon its face that the sale and conveyance of the land were made by the deputy after his principal had gone out of office. In considering this objection, we shall take it for granted that • the principal was in office when the land was taken by the deputy, because it is a fact not contradicted by the deed, and was, expressly proved in the cause; and we shall, moreover, assume it for true, that the principal had resigned before the emanation of the venditioni ex-ponas and the sale under it, because the defendant offered to produce evidence of that fact; and by thus assuming it to be true, what we say may be applied to the decision of the circuit court in rejecting that evidence.
*44 It has been repeatedly held by this court, that where a sheriff takes property under a fieri facias, and goes out of office before he has sold, he may notwithstanding proceed to sell, either with or without a venditioni ex-ponas, upon the principle that the authority to make the money by the seizure and sale of property, being entire, he who begins may finish it. But it is urged that there is a difference in this respect, where the sheriff’s term of office expires, and where he resigns, as. in this case. The difference is, however, not perceived; and it is manifest that the same principle upon which the doctrine is founded in the former case, is equally applicable to the latter. In fact, the selling of the estate, in such a case, is not a privilege which the sheriff may or may not exercise at his pleasure; but is a duty enjoined upon him by law, for the public convenience, and which he may be compelled to perform, by a writ of distringas; and it would be preposterous, to suppose that by resigning his office, he could discharge himself from the performance of the duty. The objection cannot, therefore, be sustained.
It is, in the second place, objected to the deed, that the sale was made by the deputy, and not by the principal; for it is contended, - that although the principal hacl a right to sell, the deputy had not. But surely the act must be admitted to be in its nature ministerial, and according to the known rule upon this subject, might be performed by deputy; and if the principal retained the authority, pro hac vice, his deputy must do so too, unless his deputation had been revoked by the principal. There is, therefore, no weight in this objection.
Another objection to the deed remains to be noticed, and that is, that a part of the land sold was in Todd county. But it appears from the deed, and that is the only evidence upon which the objection is founded, that Todd caunty was stricken off after the execution had been levied. The execution was, therefore, rightly begun by the sheriff of Logan, and of course might be rightfully finished by him, upon the same principle upon which a sheriff, after he is out of office, .may sell property taken under execution while in office. Besides, if the objection was a valid one, the abstírd consequence would follow, that the land could never be sold; for if the sheriff, of Logan could not sell, because a part of the land taken was in Todd, the sheriff of *45 the latter could not sell, because a part was in Logan; and the whole being taken by an execution which is indivisible, the sale must remain forever suspended.
Upon the whole, therefore, we see no valid objection to the deed, and the circuit court was correct in admitting it as evidence.
The next question made in the record relates to the motion for a nonsuit. No specific grounds were taken in the circuit court, nor were there any mentioned in the argument in this court, in support of this motion.
We apprehend, however, that it was predicated upon the supposed invalidity of the sheriff’s deed; and as the objections to it have already been answered, no further observations need here be made on this question.
The third question, and only remaining one which the record presents, worthy of notice, relates to the rejection of the evidence offered by the defendant, to prove the resignation of the sheriff before the sale of the land; but, from what has already been said, it is obvious that the evidence could have had no effect in the case, and of course was properly rejected by the circuit court.
Judgment affirmed with costs.