CASE 4—PETITION ORDINARY—DECEMBER 15.

## Colyer, &c., vs. Higgins, &c.

### APPEAL FROM PULASKI CIRCUIT COURT.

1. A sheriff was elected to two successive terms, the first of which expired on the first Monday in January, 1853. In 1852 an execution was levied by him on property; and in November of the same year a writ of *venditioni exponas* issued, which he failed to return till April, 1853. *Held*—That the duty of executing the writ was devolved on the sheriff by his *first* term; and that the bond sued on (executed in January, 1853) relates only to his second term, and did not bind him or his sureties for the performance of that duty.

2. A wait of *venditioni exponas* gives no new authority to the sheriff, but merely commands him to perform his duty under the original writ.

3. He who begins the execution of a writ of *fieri facia*, must end it; a sheriff who levies upon property may sell it after the return day, and after returning the execution, without a *venditioni exponas*, and after he has gone out of office; and it is his duty to do so. (4 *Bibb*, 94; 2 *J. J. Mar.*, 42; 4 *B. Mon.*, 241; 3 *Bibb*, 344; 5 *Litt.*, 42; 5 *Dana*, 337; 12 *Penn. Rep.*, 360.)

A. J. JAMES, for appellant, cited 1 *Rev. Stat.*, p. 493; 3 *B. Mon.*, 325; 4 *Hill*, 228; 5 *Litt.*, 43; 2 *J. J. Mar.*, 36; 2 *Met.*, 511; 1 *Litt.*, 144–5; 1 *B. Mon.*, 212; 2 *Rev. Stat.*, p. 340.

C. B. BACHELLER for appellee.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

This is an action against Colyer, the sheriff of Rockcastle county, and his sureties, upon an official bond executed on the 3d January, 1853, to recover the amount of an execution placed in his hands, and thirty per cent. damages for his failure to return the same for thirty days after the return day thereof. A judgment was rendered accordingly against the defendants, from which they appeal.

In our opinion, the plaintiffs have not shown a right to maintain an action upon said bond.

The petition states, that, in the year 1852, an execution in favor of the plaintiffs against one Kietley was placed in the hands of said Colyer, sheriff of said county, and was levied by him on some property; that afterward, on the 24th November, 1852, a writ of *venditioni exponas* was issued thereon, returnable the 4th Monday of January, 1853, and "was also in its lifetime

placed in the hands of said Colyer while sheriff as aforesaid;" and that he failed to return the same until 25th April, 1853.

Under the constitution of the State, the office of each sheriff expired on the first Monday in January, 1853, or as soon thereafter as his successor was qualified. (*Art. 6, sec.* 4.) The facts before mentioned authorize the assumption that Colyer was elected and qualified for two terms, the first of which expired in January, 1853.

It does not distinctly appear, nor does it seem to be material, whether the writ of *venditioni exponas* was delivered to Colyer before or after the expiration of his first term. That writ gives no new authority to the sheriff. It merely commands him to perform his duty under the original writ. According to the settled principles of the common law, he who begins the execution of a writ of *fieri facias* must end it. A sheriff who levies upon property may sell it after the return day and after returning the execution, without a writ of *venditioni exponas*, and after he has gone out of office; and it is his duty to do so. (*Cox vs. Joiner*, 4 *Bibb*, 94; *Wolford vs. Phelps*, 2 *J. J. Mar.*, 42; *Rogers vs. Darnaby*, 4 *B. Mon.*, 241; *Irvine and Bullock vs. Pickett*, 3 *Bibb*, 344; *Lofland vs. Ewing*, 5 *Litt.*, 42; *Neilson vs. Churchill*, 5 *Dana*, 337; *Spang vs. Commonwealth*, 12 *Pa. R.*, 360, *and cases cited.*) And if he sells property he must convey it, though he may have gone out of office. (*Allen vs. Trimble*, 4 *Bibb*, 24; *Trimble vs. Breckinridge*, *Ib.*, 479.) These principles, so far as they apply to the question under consideration, do not appear to have been changed by statute.

It is clear, therefore, that if Colyer had gone out of office on the first Monday in January, 1853, it would have been his duty to execute the writ of *venditioni exponas*, whether it came to his hands before or after the expiration of his term; and that his sureties (for his first term) would have been liable for his failure to do so. It is equally clear, that if he had gone into office, for the first time, in January, 1853, it would have been the duty of his predecessor, and not his duty, to execute the writ; and that his sureties in the bond sued upon would not have been liable for his failure to do so. It is evident, there-

fore, that the duty of executing said writ was devolved upon him by his first, and not by his second term of office; and that the bond sued upon, which relates only to his second term, did not bind either him or his sureties for the performance of that duty, which appertained to his first term.

But the appellees have a right, independently of the bond, to recover nominal damages from Colyer for failing to return the writ as required by law; and this is the only relief to which their petition shows they are entitled.

Upon other points argued by counsel we need not express an opinion.

The judgment is reversed, and the cause remanded, with directions to dismiss the petition against the sureties, and for further proceedings against Colyer not inconsistent with this opinion.