CASE 55—PETITION EQUITY—OCTOBER 28.

| 84 | 391 |
|-----|-----|
| 108 | 560 |

# Humphrey's Ex'r v. Wade.

### APPEAL FROM KENTON CHANCERY COURT.

1. THE FAILURE OF A DEPUTY SHERIFF TO SIGN THE NAME OF HIS PRIN-
CIPAL TO AN EXECUTION LEVY does not render the levy void; proof
may be introduced to establish the validity of the levy, or the return
may be amended to conform to the facts.

   An execution was issued and placed in the hands of the sheriff, who,
in person, indorsed upon it the time of its reaching his hands. It was
then returned with a levy and return of "no sale for want of bidders"
indorsed upon it by one who added to his signature the letters "D.
S.;" a venditioni exponas was then issued, and came to the hands of
the sheriff, who sold the property upon which the execution had been
levied. *Held*—That the levy was valid, and that no further evidence
was necessary to establish the fact that the person who signed the levy
was the deputy of the person to whose hands the execution came, and
who sold the property under the venditioni.

2. THE LEVY OF AN EXECUTION upon the interest of the defendant in a
particular tract of land is not void because it fails to specify the nature
or extent of the defendant's interest.

3. THE RULE OF CAVEAT EMPTOR APPLIES TO JUDICIAL SALES. There-
fore, after the report of sale has been confirmed, the purchaser can not
be relieved from the payment of the purchase money because there is
a defect, or want, of title.

   In this case, however, as the plaintiff, by his own act produced this
litigation, in which he has assumed the burden of showing title in the
defendant for the protection of the purchaser at the decretal sale, and
thus involved the rights of the purchaser that would not otherwise
have been disturbed, the court adjudges that he shall be held to show
title before proceeding against the purchaser for the purchase money.

4. IN THE PARTITION OF REALTY AMONG HEIRS, where the interest of one
of the heirs was allotted and conveyed to his wife, one who had pre-
viously acquired a lien upon the husband's interest was not affected
thereby, and the purchaser, under a proceeding to enforce the lien,
can not complain of the title because the deed was made to the wife
instead of the husband.

BENTON & BENTON FOR APPELLANT.

1. The doctrine of *caveat emptor* applies to judicial sales; and after the
sale has been confirmed, no relief will be granted because of a defect
in the title. (Harrison v. Hord, 12 B. M., 472; Dawson, &c., v. Lit-

sey, 10 Bush. 410; Yocum v. Foreman, 14 Bush, 499; Farmers' Bank v. Peter, 13 Bush, 594.)

2. The court had no power to render a final judgment, as the cause was only submitted to ascertain whether additional pleadings were necessary. (Simrall v. Grant, 3 Ky. Law Rep., 208.)

3. A return upon an execution signed by a deputy sheriff in his own name, without that of his principal is good. (Winslow v. Austin, &c , 5. J. J. M., 410; Reardon v. Searcy's Heirs, 2 Bibb, 202; Ellison v. Stevenson, 6 Mon., 275; Lofland v. Ewing, 5 Litt., 43; Evans and Love v. Wait, 5 J. J. M., 110; Greenup's Representatives v. Bacon's Ex'rs, 1 Mon., 108; Scott v. Marshall, &c., 5. J. J. M., 433; Daniels v. Dils, 4 Ky. Law Rep., 836.)

4. The failure of the sheriff to pursue the directory provisions of the statute in regard to making sales under execution does not render the sale void, unless the purchaser participated in the irregularity. (Layne, &c., v. Davidson, Ky. Law Journal, vol. 1, No. 9, p. 457; Kilby v. Haggin, 3 J. J. M., 213; Walker and Wife v. McKnight, 15 B. M, 476; Hayden, &c., v. Dunlap, 3 Bibb, 216; Buler's Heirs v. Bullitt's Heirs, 3 Mar., 280; Faris, &c., v. Banton, 6 J. J. M., 237.)

5. A sale of land under execution will not be held void on account of an error of the clerk, which may be amended without prejudice. leaving all parties in the same position they would have occupied had the execution issued correctly at first. (Wright v. Wright 6 Green, 415; Chase v. Gilman, 15 Maine, 64; Colby v. Moody, 19 Maine, 111; Smith v. Keen, 26 Maine, 420; Rollins v. Rich, 27 Maine, 557; Morrell v. Cook, 31 Maine, 120; Campbell v. Stites, 9 Mass., 217; Blake v. Blanchard, 48 Maine, 297; Burrell v. Burrell, 10 Mass., 221; McGee v. Barber, 14 Pick., 212; Currier v. Bartlett, 122 Mass., 133; Avery v. Bowman, 40 N. H., 453; Perry v. Whipple, 38 Vt., 278; Willard v. Whipple, 40 Vt., 219; Phelps v. Ball, 1 Johns. Cas., 31; Bissell v. Kiss, 5 Johns., 100; Jackson v. Walker, 4 Wend., 462; Jackson v. Anderson, 4 Wend., 474; Prescott v. Prescott, 42 Maine, 428; Corthell v. Egery, Al. Law Jour., vol. 27, No. 10, p. 194.)

6. Where property is sold under execution. the law presumes a levy in the absence of any return that it was levied upon. (11 Johnson, 515; 19 Johnson, 347; Evans v. Davis, &c., 3 B. M., 346.)

COLLINS & FENLEY for appellee scott.

1. The levy was not the act of the sheriff, but that of his deputy, and was, therefore. not valid. (Kennon v. Ficklin, 6 B. M., 415; Owens v. Gatewood, 4 Bibb, 494; Mullins v. Smith, 3 Dana, 463; Christopher v. Smith, 2 B. M., 367; Cophort v. Dodds, &c.. 3 Bush, 584; Commonwealth for &c. v. Hunt, &c., 4 Bush, 67; McBurnie v. Overstreet, 8 B. M., 304; Rev. Stats., vol. 2, p. 340, Stanton's ed.)

2. The levy is not sufficient for want of description of the property or the title levied on. (Carlisle v. Carlisle, MS. Op., Oct., 1876.)

3. Mrs Wade had at least an equity, if she did not have the legal title, and appellant was bound to bring her before the court in order to perfect his equity.

4. There are some exceptions to the general rule in regard to the dignity of judicial sales, and this case presents one of the strongest of those exceptions. (Miller, &c., v. Hall and Wife. 1 Bush, 229.)

5. The appellant should not be allowed to collect the purchase money when it is shown, by his own act in litigating the title with Mrs. Wade, that the title did not pass to the purchaser.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

John Humphrey, in October, 1871, had an execution issued on a replevin bond in his name against one William E. Wade and his surety. The execution came to the hands of the sheriff of Kenton county in a few days after it issued, as appears by the indorsement of the sheriff, in person, in the following words: "Came to hand October 24, 1871, at 9 o'clock, A. M.

"J. J. MACKLIN, S. K. C."

In November, 1871, while the execution was in full force, it was levied by the deputy of the sheriff "on the interest of Wm. E. Wade in a certain lot of ground situated on the east side of Scott street, between 5th and 6th streets, at southeast corner of an alley running from Scott to Greenup streets, thence south with Scott street 65 feet, more or less. Also the interest of said Wade in the property bounded by Scott, Sixth, Greenup and Seventh streets, and having duly advertised the same, I did, on the 16th of December, 1871, offer the property for sale, but same was not sold for want of bidders.

[Signed]    "W. F. GILLESPIE, D. S."

Macklin, the principal sheriff, after this levy, in January, 1872, sold the property by virtue of the levy

made by his deputy under a venditioni exponas, and the plaintiff, Humphrey, became the purchaser.

After the purchase by Humphrey of Wade's interest in this property, the former filed a petition in equity in which his purchase is set forth, and further alleging that at the time the sale was made there was a proceeding pending to divide said property among the heirs and devisees of one Lemaise, and those holding under them, and that in the allotment Wade, the defendant in the execution, had been given a lot of 56 feet on Greenup street, by 190 feet deep, beginning on the north side of Seventh street.

That having purchased Wade's interest in the entire property, he asks the chancellor to have that portion allotted to Wade conveyed to him, Humphrey, or subjected to his debt.

To this action Wade was a defendant, and the court adjudged Humphrey a lien for his debt, and directed a sale of the lot for its payment. Mrs. Wade, the wife of the debtor, became the purchaser, and executed sale bonds with the present appellee, J. S. Scott, as her surety. This sale, although confirmed, seems to have been set aside for the reason, as is stated, that the married woman was not liable upon her bonds. When this was done, a subsequent sale was ordered, a more particular description of the property given, and the sale bonds made to bear interest for one year at 10 per cent. The lot was again sold, and J. S. Scott, who was the surety of the wife at the former purchase, became the purchaser, and the sale was confirmed. Wade, the debtor, then brought the case to this court, complaining of the interest allowed, among other errors assigned,

and the judgment was reversed because of the excess of interest. Scott was not before the court on the appeal, nor was his purchase in any manner disturbed.

On the return of the cause, the appellant filed an amended petition, asserting his claim to the property, and claiming ten per cent. interest on his debt. He makes Wade a defendant to the amended pleading, who, for the first time, sets up title in his wife to the property purchased by Scott, and alleges that, in the division of the realty between the heirs of Lemaise, this lot, his wife being one of the heirs, was assigned to her, and a deed made by the commissioner, and further denies that he ever surrendered the land for sale under the original execution. So far as the debtor, Wade, was concerned, the court below, as well as this court, had already adjudged that the plaintiff in the execution was entitled to enforce his lien on this particular lot of ground, and he had no defense to interpose, except to reduce the interest from 10 to 6 per cent. The wife, however, was made a party to the action, and she is asserting claim to the lot in controversy by reason of the conveyance to her in the division of the realty between Lemaise's heirs, and also by a purchase made of the property under an execution against her husband in favor of the Covington City National Bank.

The execution in favor of the bank was junior in date to that of the appellant, and, therefore, the sale under it passed no title, if the sale made by the sheriff under appellant's execution was valid.

The appellant claims that the execution debtor, Wade, purchased the interest of Frederick Lemaise under the foreclosure of a mortgage made to the Cin-

cinnati & Chicago Railroad Company, and that this lot in controversy was assigned to the husband, and the wife's deed is of no validity. If, by the mistake of the commissioner, or by the fraud of the wife, the deed was made to the latter when it should have been made to the husband, facts alleged by the appellant, then the wife's title is unavailing as against the claim of the appellant.

Mrs. Wade is insisting, however, that she has title under her purchase at the execution sale in favor of the bank, and that the levy of the original execution in favor of the appellant was void upon several grounds: *First.* That the property levied on is not sufficiently described or the defendant's interest therein. *Second.* That the levy indorsed on the original execution signed by *W. F. Gillespie, D. S.*, is not a levy by either the sheriff or his deputy, and to make it effectual it should be signed in the name of the sheriff, by his deputy, naming him, or by the deputy, naming him, for the sheriff, naming him.

The law, it is true, regards the sheriff and his deputy as one and the same officer, and the general and correct rule for the guidance of the deputy in his official action —such as returning and serving process—is to sign the name and official character of the principal by himself as deputy.

Both the Revised and General Statutes (the 10th section of chapter 100, General Statutes) provide, in reference to returns made by a sheriff of his official action, that "*he shall subscribe his own name to the return, and if he be deputy, the name also of his principal.*"

This provision of the statute, while defining the duties of the sheriff, and prescribing the mode of affixing the signatures of the principal or his deputy, does not render, either in express terms or by inference, the act of the deputy void in the event he fails to discharge this duty in the manner pointed out.

The office of deputy sheriff is one known and recognized by the law, although his official action is that of his principal, and in that sense there is but one sheriff, and what is done by the deputy is the act of the principal, and it is proper that the return by the deputy should conform to the statute.

A deputy, by reason of his appointment, is empowered to discharge all the official duties imposed on the sheriff. He is not like an ordinary agent, restricted to the exercise of the power conferred by the principal, but assumes, when qualified as such, to discharge every duty that belongs to his official character or that of the sheriff, unless prohibited by statute.

Section 678 of the Civil Code provides, "that any duty enjoined by this Code upon a ministerial officer, and any act permitted to be done by him, may be performed by his lawful deputy."

In the case of Norman v. Norman, 6 Bush, ——, the act of the deputy marshal, whose signature was affixed without the name of his principal, was held to be valid. The marshal of the Louisville Chancery Court possesses the same qualifications of a sheriff, with the right to appoint deputies, with the approval of the chancellor; and, therefore, under the provisions of the Code, where the sheriff is required often to make returns on executions in his hands, by reason of its provisions, the re-

turn of the deputy, in his own name as deputy, must be regarded as sufficient; and to hold that his signature as deputy alone would be valid under the Code, and invalid under the statute, would produce an inconsistency not easily reconciled by any decision that might be rendered.    On the validity of the action of a deputy sheriff the citizen must often depend for the security of both his person and property, and, therefore, no technical construction of a statute as to the mere manner of exercising his duties should be adhered to or established.    If he does act in his official capacity, no harm 'can result from such a ruling, and if not, he is responsible for the wrong.    It is insisted, however, that there is no evidence before us that Gillespie was the deputy of Macklin.    The execution, issued in the usual form from the clerk's office of Kenton county, was signed by the clerk, and the time of its reaching the hands of the sheriff was indorsed on the execution by that official in person.    The levy was then made in a proper manner, and the execution returned *no sale* for want of bidders, signed "W. F. Gillespie, D. S.;" and then a venditioni issued that came to the hands of the sheriff, Macklin, and by him the property levied on by W. F. Gillespie, D. S., was sold.

It is true, if the levy was void, the venditioni gave no new authority to the sheriff, but in the absence of proof to the contrary, the execution, the indorsement by the sheriff, the return for want of bidders, and the venditioni and sale under it, must be held as evidence satisfactory in its character that Gillespie, at the time he made the levy and return, was the deputy sheriff of Macklin, the sheriff of Kenton county.

This court will not presume, upon such a state of facts, that some one had usurped the powers of the sheriff, and was levying on the estate of the defendant without any authority; but, on the contrary, must assume that the act of Gillespie was that of a regularly constituted deputy, in the discharge of duties vested in him by law.

In the absence of any statute forbidding such a ruling, it must be held that a mere failure of the deputy to sign the name of his principal does not render the act of the deputy void, and that proof may be introduced, or the return amended to conform to the facts, where the validity of his official action in this regard is brought in question.

The deputy is not living, but in our opinion the evidence in the record is sufficient to establish a valid levy. In the case of Scott v. Marshall, reported in 5 J. J. Marshall, 433, a defense was made by the sureties on a recognizance on the ground that it did not appear that Anderson, before whom it was taken, was the deputy clerk of the Franklin Circuit Court. The statute then provided (in 1820) that the defendant may appear before the clerk of the court and enter into a recognizance. It appeared in that case that the bond was signed and acknowledged in the presence of *Cuth. S. Anderson, D. C'lk.* No objection was made that the name of the principal clerk was not subscribed, but that there was an absence of evidence that Anderson was a deputy. The court held that they must presume he was the deputy until the contrary was made to appear. A breach of duty on the part of a sheriff may make him personally responsible, and still his acts as to third parties, or

those affected by it, would not be held void, and where the deputy may perform every duty that his principal can, and does in fact discharge that duty, to hold that such a return as was made in this case is void, or that the evidence is insufficient to show that Gillespie, when he signed the paper, was in the discharge of an official act, it seems to us would be depriving the party of the right of property upon mere technical grounds.

Authorities are not wanting sustaining the view of the chancellor below, but the entire authority in this State is adverse to such a ruling.

No such question as the one now presented was made on the former appeal, and as to the debtor, Wade, the question must be regarded as already adjudicated.

The land levied on is sufficiently described, or that which has already been subjected to the payment of the appellant's debt, and the right, title and interest of the defendant may be levied on and sold without specifying the particular interest.    Such a levy is certainly not void.

A rule was obtained by the appellant against the purchaser, Scott, during the progress of this litigation, to pay the purchase money, and the defense relied on was the want of title.

The sale had been made and the report of sale confirmed.   No fraud was alleged by Scott as against the appellant, and relief is asked only on the ground of a want of title in the debtor.   This constitutes no defense. There was no warranty of title by the chancellor, and we are aware of no case where, after confirmation, such relief will be granted on the ground that there was a defect of title or a want of title.

Humphrey's Ex'r v. Wade.

The purchaser buys at his peril, as in ordinary sales under execution, the only difference being that in sales by the chancellor through his commissioner, the purchaser will often be relieved from his purchase before the sale is confirmed by reason of a defective title. (Harrison v. Hord, 12 B. M., 471; Dawson, &c., v. Litsey, 10 Bush, 408; Yocum v. Foreman, 14 Bush, 494; Farmers' Bank v. Peter, 13 Bush, 591; Phillips v. Johnson, 14 B. M., 140; Boyd v. Longworth, 11 Ohio, 235.)

The rule of *caveat emptor* as to such sales is now so well recognized as not to require any authority in support of it.

In this case, however, upon the return of the cause from this court to the court below, the appellant seems to have waived his right to proceed against the purchaser for the time being, and, by an amended pleading, proceeded to litigate the question of title with Wade, or the right to subject the lot assigned Wade to the payment of his debt.

From this amended petition has originated the present litigation involving the question of title, and as the appellant has voluntarily assumed the burden of showing title in Wade, for the protection of the purchaser at the decretal sale, upon the idea, doubtless, that it was his duty to do so, we are inclined to adjudge that he shall be held to show title before proceeding against Scott, the purchaser. His own act not only invited, but produced the litigation, and thus involved the rights of the purchaser that would not perhaps have been disturbed but for the action of the appellant in further prosecuting his claim against the property of

the debtor when it had already been subjected to its payment.

It seems to us that the only issue to be determined by the court below in the present condition of the record is, was the lot in controversy, upon which the lien was enforced, the property of the husband or the wife? If it was the wife's realty, and allotted to her in the partition as her part of the estate, of course she is invested with title, having obtained the deed from the commissioner. If, on the other hand, the conveyance was improperly made to her, and should have been made to the husband, or to the purchaser of his interest, then there is no reason why Scott should not pay the purchase money.

The judgment below is reversed, that this issue may be disposed of, and for further proceedings consistent with this opinion.

(Scott v. Marshall, 5 J. J. Marshall, 433 ; Norman v. Norman, 6 Bush, 495 ; Lofland v. Ewing, 5 Litt., 42 ; Moore v. Farrow, 3 A. K. Marshall, 41 ; Winslow v. Austin, 5 J. J. Marshall, 408.)