## RIORDAN v. GUGGERTY.

1. **Evidence** : CROSS-EXAMINATION : CHARGE OF FRAUD : DISCRETION OF COURT. In an action on a promissory note which defendant alleged to have been forged, plaintiff testified that he saw defendant sign the note, and on cross-examination he was asked as to circumstances connected with the making of the note; none of the questions referring directly to any fact testified to on the examination in chief. *Held* that, while the questions might well have been allowed under the rule which grants considerable latitude when an issue of bad faith on the part of the witness is raised, yet it was a matter largely within the discretion of the court, and that this court could not well interfere, in view of the fact that not all of the collateral evidence is presented in the abstract.

2. ———— : OBJECTIONS TO EVIDENCE ELICITED BY SELF. A party cannot be heard to object to testimony which he causes to be given by the cross-examination of his adversary's witnesses.

3. ———— : SIGNATURES : COMPARISONS BY EXPERTS. No valid objection can be made to the testimony of experts as to the characteristics of different signatures, where it is confined to the signature in controversy, and to others admitted to be genuine. (See Code, sec. 3655.)

Riordan v. Guggerty.

4. ———: NOT RELEVANT TO ISSUE. Upon a claim for a failure to pay over rents actually collected, evidence as to the rental value of the buildings is irrelevant.

5. ———: CROSS-EXAMINATION: RELEVANCY AND WEIGHT. A written statement of account made by plaintiff to defendant relevant to the matter in controversy between them, which was called out in the cross-examination of defendant, and with regard to which he made admissions inconsistent with his examination in chief, was properly admitted as a part of the cross-examination, though not of much weight.

6. ———: ACTION ON ACCOUNT: METHODS OF DEALING. On the issue raised by a counter-claim for rents collected, plaintiff was properly permitted to detail his method of dealing with defendant during the time in question, including the manner of keeping books and making statements and settlements.

7. ———: REFRESHING MEMORY: USE OF STUB-BOOK. A witness may use a stub-book of checks to refresh his memory as to payments made by him. (Compare *State v. Miller*, 53 Iowa, 154, and *Hull v. Alexander*, 26 Iowa, 569.)

8. ———: COPY OF TELEGRAM: FOUNDATION. Where the uncontradicted evidence showed that it was the custom to destroy the originals of telegrams after six months, and that the original of the one in question could not be found, this was sufficient foundation for the introduction of a copy, without proving the rule of the company for destroying the originals.

9. **Appeal:** ERRORS ASSIGNED BUT NOT ARGUED. Errors assigned but not argued will not be considered by this court.

*Appeal from Wapello District Court.*—HON. H. C. TRAVERSE, Judge.

FILED, SEPTEMBER 4, 1888.

THE plaintiff seeks to recover the amount appearing to be due on a promissory note for four hundred dollars, dated November 26, 1877, payable to plaintiff one day after date, and purporting to be signed by defendant. The answer of defendant is under oath, and denies the making of the note; alleging that the signature thereto is a forgery. It further alleges that, if defendant made the note, plaintiff has been fully paid all sums which defendant ever owed him. By way of counter-claim,

the defendant asks to recover of plaintiff $437.50 for rents alleged to have been collected by plaintiff for defendant, and to be unaccounted for. The jury found specially that defendant made the note in suit, and that there was due to him on his counter-claim the sum of $118.57. A judgment on their general verdict was rendered in favor of plaintiff. The defendant appeals.

*W. W. Cory, E. L. Burton* and *P. H. Riordan,* for appellant.

*W. S. Coen* and *McNett & Tisdale,* for appellee.

ROBINSON, J.—I. The plaintiff, on his direct examination, testified as follows: "Mr. Guggerty signed the note in my presence. I saw him sign it. The signature is his. I am positive of it." On cross-examination he was asked, as to the consideration of the note, how its amount was determined, for what the money for which it was given was paid, and other questions of a similar nature. He was also asked if he had ever presented the note to defendant prior to A. D. 1885. These questions were objected to by plaintiff on the ground that they were improper on cross-examination, and the objections were sustained. It is insisted by appellant that in sustaining these objections the court erred. None of the questions referred directly to any fact testified to on direct examination. It is the general rule that "a party has no right to cross-examine any witness, except as to facts and circumstances connected with the matter stated in his direct examination; and that, if he wishes to examine him as to other matter, he must do so by making the witness his own, and calling him as such in the subsequent progress of the cause." 1 Greenl. Ev. sec. 445. It is usual, however, and proper, to allow considerable latitude on cross-examination, where fraud in which the witness is concerned is alleged. In view of the issue of bad faith which the answer necessarily presented, we think the questions objected to might properly have been allowed. They referred to matters

1. EVIDENCE: cross-examination: charge of fraud: discretion of court.

Riordan v. Guggerty.

involved in the execution of the note, and which must have been considered at the time it was signed. But the ruling complained of rested to some extent within the sound legal discretion of the trial court; and, in view of the facts in this case, we cannot say that such discretion was abused. There is no statement in the abstract that it contains all the evidence submitted, and appellee insists that some of the evidence pertinent to the questions involved in this ruling has not been abstracted. This is not denied by appellant. The abstract shows that plaintiff was examined at length in regard to business transactions between himself and defendant during a subsequent part of the trial. These transactions occurred both before and after the date of the note. In this state of the record, we cannot hold that there was error in the rulings in question.

II. Certain witnesses, examined with reference to the genuineness of the signature to the note in suit, were permitted to testify as to the characteristics of different signatures in evidence, including that attached to the note, the comparative size and length of these signatures, whether written on or above or below the lines designed for them, the differences in certain letters, and other facts of like character. It is insisted by appellant that the court erred in permitting this testimony to be introduced, for the reason that the facts to which it was directed did not require the testimony of an expert, but could have been determined by the jury. There are at least two answers to this claim of appellant: (1) He first caused it to be given by the cross-examination of plaintiff's witness. (2) It was confined to the signature in controversy, and to others admitted to be genuine, and was therefore authorized by section 3655 of the Code.

III. The plaintiff had charge of certain buildings, some of which were owned by defendant and some by defendant and another. Defendant sought to show the demand for and rental value of such property at times when they were in charge of

*2. ——: objections to evidence elicited by self.*

*3. ——: signatures: comparisons by experts.*

*4. ——: not relevant to issue.*

Riordan v. Guggerty.

plaintiff, but the evidence offered for that purpose was excluded, on the objections of plaintiff. Appellant insists that in this there was error. In our opinion, the ruling was correct. The answer of defendant does not charge plaintiff with failure to lease the property and collect the rents, but with failure to pay over rents actually collected. The evidence rejected was therefore not relevant to any issue raised by the pleadings.

IV. On cross-examination the defendant was asked in regard to a written statement of rents collected and money paid out. He stated that he had received it from plaintiff, and it was then offered in evidence as a part of his cross-examination. Its admission was objected to by defendant, and is assigned as error. Defendant had testified on his direct examination that plaintiff had not paid him any rent since 1879. He had also testified that the last settlement he had with plaintiff was made in January, 1882. The written statement in question includes the time from April 15, 1881, to April, 1883. It was relevant to the issues and to the matters concerning which defendant had been testifying. He had testified at length in regard to business transactions between the parties, and this statement related to them. It may not have been entitled to much weight, but it tended to contradict evidence given by defendant on direct examination, when considered with his admissions in regard to it. We think its introduction was proper.

5. ——: cross-examination; relevancy and weight.

V. Appellant complains that plaintiff was permitted to detail his method of dealing with defendant during the time in question, including the manner of keeping books and making statements and settlements. We think this was entirely proper, as tending to explain the business relations of the parties, the liability to error, and the means of knowledge within the reach of defendant as to the correctness of the statements and settlements. Some of the questions were not to be commended in all

6. ——: action on account: methods of dealing.

respects, but they were not of a nature to cause prejudice.

VI. Appellant insists that the court erred in permitting plaintiff to testify, from an examination of a stub check-book, as to payments made by him on account of defendant. The witness, after being informed by the court that he could not testify from the stub-book, but that it could be used only to refresh his memory, stated that he testified from memory, as refreshed by an examination of the *memoranda* of the stub-book. It was the privilege of defendant to cross-examine as to the recollection of the witness, and the province of the jury to determine its value. The use of the stub-book for the purpose indicated by the court was authorized. *State v. Miller,* 53 Iowa, 154; *Hull v. Alexander,* 26 Iowa, 569.

7. ——: refreshing memory: use of stub-book.

VII. The plaintiff claimed that he sent three hundred dollars from Ottumwa to the defendant at Chillicothe in 1880, in response to a telegram from the latter. The sending of the telegram and the receipt of the money were denied by defendant. The plaintiff introduced evidence of employes in the Ottumwa and Chillicothe offices to show that the original of the telegram could not be found, and that it was the rule and custom of the offices not to preserve such papers after the lapse of six months, but to destroy them. He also introduced evidence to show that the copy of the telegram in question was in the handwriting of a former employe of the Ottumwa office, that the money had been sent to defendant by express, and had been received by him. The copy of the telegram was admitted "to show how Riordan came to send the money, if he did send it, or on what he acted." Appellant contends that in this there was error, and that the rule of the offices in regard to destroying original dispatches should have been introduced. Appellee claims that the abstract does not contain all the evidence given on this subject. Since the abstract does not purport to contain all such evidence, we might well refuse to review the ruling in

8. ——: copy of telegram: foundation.

question.   But we are satisfied, from what the abstract contains, that there was no error in this ruling.   There is no showing that the rule of the office was in print or writing, and whether it was or not is immaterial, for the reason that the uncontradicted evidence showed that it was the custom to destroy such dispatches after six months, and the dispatch in question could not be found.   If any foundation for the introduction of the copy delivered to plaintiff was required, we think it was fully laid for the use of the paper for the purpose indicated by the court.

VIII.   The plaintiff introduced in evidence a number of statements of account, the originals or copies of which had been delivered to defendant.   The appellant complains of the introduction of these statements, and of the charge of the court in regard to them.   The evidence justified their introduction, and we discover no error in the charge of the court.   The real objection of appellant seems to be the alleged insufficiency of the evidence to justify the jury in finding that they were accounts stated.   That question, however, we do not feel called upon to decide.

IX.   The assignment of errors covers eleven printed pages.   It raises many questions, some of which are hardly noticed by counsel.   Others are merely stated in the argument, and therefore, under the well-known practice of this court, do not require further consideration.   Other questions are discussed by counsel, but are not of sufficient general interest to justify us in making extended mention of them.   Among these are the rulings of the court in refusing instructions, and in giving certain portions of its charge, and in failing to instruct the jury more fully.   It is sufficient for us to say that we think that the jury were charged fairly and quite fully as to their duties, and that we discover no prejudicial error in any of the rulings of the court which are argued by counsel.

9. APPEAL: errors assigned but not argued.

AFFIRMED.