CITY OF OTTUMWA Appellant, v. DAVID HODGE *et al.*

**Mulct Law Bond:** LIABILITY ON: *Construction of statute.* The bond required by Acts Twenty-fifth General Assembly, section 17, providing that the persons selling intoxicating liquors shall file with the county auditor a bond conditioned on the faithful observance of all the conditions of the act, is not security for the payment of assessments under a city ordinance passed pursuant to such act, since the ordinance is not a provision of the act.

**Appeal:** NECESSITY FOR ARGUMENT. Without argument by appellant, the supreme court will not consider questions raised on an assignment of error in a law action, as the mere statement of a point does not entitle it to be considered.

*Appeal from Wapello District Court.*—HON. ROBERT SLOAN, Judge.

WEDNESDAY, DECEMBER 19, 1900.

In December, 1897, and prior thereto, the defendant Hodge was engaged in the sale of liquor on certain premises in the plaintiff city, under the provisions of chapter 62, Acts Twenty-fifth General Assembly. The sureties on his bond executed in pursuance of said act are defendants. Under the provisions of section 24 of said act, the plaintiff city adopted an ordinance requiring all persons engaged in the sale of intoxicating liquors in said city to pay, in addition to the mulct tax provided for in said act, the sum of $100 per month in advance to said city. The petition shows that all the requirements of the acts of the Twenty-fifth General Assembly were complied with by defendant Hodge, and that he was selling liquor in pursuance of the provisions of said act. It also appears from the petition that defendant Hodge has failed to pay to the city of Ottumwa the $100 assessed under the provisions of its ordinance for the month of December, 1897; and this action is to recover that amount from defendant and the sureties on his bond, with interest and costs, and to have the judgment made a lien upon the premises on which the liquors were sold. The owner of the premises is a party defendant, and demurs to the petition, as do, also, the sureties on the bond. The court sustained both demurrers, and gave judgment for plaintiff against defendant Hodge alone for the amount claimed. From the orders of the court sustaining the demurrers, the plaintiff appealed.—*Affirmed.*

*W. H. C. Jaques,* City Solicitor, for appellant.

*W. W. Cory* for appellees.

GRANGER, C. J.—I. The question presented by the demurrer of the owner of the premises is not argued. We are, however, asked to determine the question, that it may be set at rest. The appeal was taken while the predecessor of the present solicitor represented the city, and the present solicitor, who now alone appears, makes no serious claim that the court erred in sustaining that demurrer. Without argument by the appellant, we do not consider questions raised on an assignment of error in a law action. *Riordan v. Guggerty,* 74 Iowa, 688. We have repeatedly so held. A mere statement of a point does not entitle it to consideration. *Neimeyer v. Weyerhaueser,* 95 Iowa, 497; *Sillz v. Insurance Co.,* 71 Iowa, 710.

II. The remaining question is, is the bond required by section 17, Acts Twenty-fifth General Assembly, security for the payment of assessments under city ordinances in pursuance of section 24 of said act? Section 17 of the act provides that the person selling "shall file with the county auditor * * * a bond * * * conditioned upon the faithful observance of all the provisions of this act." The ordinance of the city is not a provision of the act. It is true, the act is authority for its enactment, but that did not make it one of its provisions. The assessment in question is a provision of the ordinance, and the city could have provided for security for the payment of its assessment, had it seen proper to do so. The mere fact that the act enables the city to adopt provisions at its discretion does not make the provisions adopted by the city the provisions of the act. The provision of the act in this particular is that cities may adopt provisions of their own, independent of those of the act, and for their own especial benefit. It is simply a question of statutory construction, and hardly admits of elaboration. The district court did not err in its order sustaining the demurrer of the sureties on the bond, and its judgment is AFFIRMED.