MARY McCORMICK, Appellant, v. McCORMICK HARVESTING MACHINE COMPANY AND H. A. BEATIE, Sheriff, Appellees.

Execution Sale: PRIOR CONVEYANCE: NOTICE. Where a tenant
1 is in possession of real property under a lease from an administrator, the mere statement to the tenant by the husband of the grantee of one of the heirs that such grantee has purchased the interest of such heir is insufficient to constitute notice of the grantee's rights in the property to one who purchases the interest of the heir at a judicial sale

Sufficiency of Description: ESTOPPEL. A description of real property that will pass title by a deed is sufficient in a judicial
2 sale, and where one seeking to enjoin an execution sale alleges ownership of the property described in the execution he is estopped to deny the sufficiency of description.

*Appeal from Sac District Court.*—HON. S. M. ELWOOD, Judge.

FRIDAY, MAY 22, 1903.

Suit in equity to enjoin the execution of a sheriff's deed on certain real estate alleged to belong to plaintiff. The trial court dismissed the petition, and plaintiff appeals.—*Affirmed.*

*Geo. W. Bowen* and *C. W. Goldsmith* for appellant.

*Lee & Robb* and *W. I. Selby* for appellees.

Deemer, J.—On November 9, 1889, the defendant McCormick Harvesting Machine Company obtained judgment against Peter McCormick. Catherine McCormick, mother of Peter and of four other children, who were her sole and only heirs, died intestate in January of the year 1900 seised of two hundred and fifty acres of land in Sac county, Iowa. One Anton Benzkofer rented the said land for the year 1900 from the administrator of Catherine McCormick's estate. On August 16, 1900, the McCormick Harvesting Machine Company sued out an execution on its judgment, which was levied on the interest of Peter McCormick, heir at law of Catherine McCormick, deceased, in and to the S. W. ¼ of section 24 and the E. ½ of the S. E. ¼ of section 23 in township 86, range 36, Sac county, Iowa. This interest was sold at sheriff's sale October 23, 1900; the plaintiff in execution, who is one of the defendants herein, being the purchaser. Under date of March 26, 1900, Peter McCormick (his wife joining therein) executed a warranty deed for his one-fifth interest in said lands to the plaintiff herein; but this deed was not filed for record until February 21, 1901. The McCormick Harvesting Machine Company had neither actual nor constructive notice of this deed at the time it purchased the land at sheriff's sale, unless it be found to have obtained it by and through the possession of Benzkofer. Appellees contend that this deed was without consideration, fraudulent, and void, in that it was made with intent to hinder, delay, and defraud Peter McCormick's creditors. They also say that they

had no notice thereof at the time of the sheriff's sale, and that the decree dismissing plaintiff's petition was therefore correct. On the other side, it is contended that defendants had notice of the deed through the possession of Benzkofer, and that, in any event, the description of the property levied upon and sold by the sheriff was insufficient to carry the title to the one-fifth interest at one time owned by Peter McCormick. It will be observed that plaintiff concedes notice to defendants of the conveyance was necessary at or before the time of the sheriff's sale, in order that she may obtain the relief she seeks. This notice is claimed to have been given through the possession of Benzkofer, the tenant in possession. Benzkofer did not secure his possession from plaintiff, but from the administrator of Catherine McCormick, deceased.

Plaintiff contends, however, that her husband gave notice to Benzkofer that she (plaintiff) had purchased Peter McCormick's interest in the land, long before the levy and sale, and notified the tenant that he should account to her (plaintiff) for her share of the rents under her purchase. If such notice was given, no attention was paid to it, for the tenant paid the rents to the administrator, and the sums so paid were used in paying debts and the costs of administering the estate of Catherine McCormick, deceased. After going over the evidence as presented by the record, we think plaintiff has failed to show that she gave the tenant such notice of her purchase that persons thereafter dealing with the land would be bound to take notice of her rights through Benzkofer's possession. The tenant denies having received any notice, and there are many things in the record which tend to corroborate his testimony. The testimony on the part of plaintiff, at most, shows a random statement made by plaintiff's husband to the tenant then in possession to the effect that his wife had purchased Peter McCormick's interest in the land.

1. Execution purchaser: prior conveyance: notice.

Nothing was said about his paying rent to the plaintiff, nothing about the administrator's lease or plaintiff's interest therein, and nothing about any attornment to the plaintiff. Surely this was not enough, in the absence of any contradiction, to create such a change in the possession as to give parties dealing with the land in the future notice of plaintiff's rights under her deed. But the matter of notice is denied by the tenant, and, as plaintiff has the burden, she must fail on this issue. Moreover, as Benzkofer did not recognize plaintiff's title, did not attorn to her, nor pay her any rent, he was at no time in a position where he could not have denied plaintiff's title. Nothing was done which made plaintiff his landlord; hence his possession was referable to his lease from the administrator, and did not give subsequent purchasers notice of plaintiff's rights under the deed. *Wilkins v. Bevier,* 43 Minn. 213 (45 N. W. Rep. 157, 19 Am. St. Rep. 241).

II. Referring now to the sufficiency of the description under which the land was levied upon and sold: In such cases the description need not be as accurate as where

2. SUFFICIENCY of descrip- tion: estoppel

lands are sold for taxes. Every reasonable intendment is made in favor of judicial sales, in order to secure the objects which they are intended to accomplish. In this respect they differ from tax sales; hence authorities regarding the sufficiency of description in such cases are not in point. Had Peter McCormick made a deed of his interest in the land to another under substantially the same description as that contained in the levy and certificate of purchase, no one would contend, we think, that it did not pass his interest. This being true, we are at loss to understand why a levy and sale on execution by the same description does not pass title. The authorities almost universally hold such a description good. *Brown v. Smith,* 7 B. Mon. 362; *Humphrey's Ex'r v. Wade,* 84 Ky. 400 (1 S. W. Rep. 648); *Woodward v. Startwell,* 129 Mass. 214; *Smith v. Crosby,* 86 Tex. 15 (23 S. W. Rep. 10,

40 Am. St. Rep. 819). That such a conveyance by deed would be good, see *Stewart v. Cage*, 59 Miss. 558; *Barton's Lessee v. Morris' Heirs*, 15 Ohio, 408; *Stambaugh v. Smith*, 23 Ohio St. 584; *Thornton v. Mulquinne*, 12 Iowa, 549. Moreover, plaintiff alleged that she was the owner of an undivided one-fifth interest in and to the real estate described, derived by deed from Peter McCormick; that defendant had levied upon said land as the property of Peter McCormick, and had advertised and sold the same. Under such circumstances, a court of equity will not permit her to take advantage of the alleged insufficiency of description. *Hackworth v. Zollars*, 30 Iowa, 438.

We have no occasion to consider the *bona fides* of the conveyance from Peter McCormick to the plaintiff, as, for reasons already stated, she is not entitled to recover, even if we conceded that the conveyance was a valid one.

The decree is correct, and it is AFFIRMED.