MCCORMICK HARVESTING MACHINE CO. v. MARY MC-
    CORMICK, Appellant, and GEORGE B. PERKINS,
    Appellee.

128   155
f139   757

**Appeal:** ASSIGNMENT OF ERROR: AFFIRMANCE. Where a paper filed
    in the submission of a cause on appeal and denominated
    " argument of appellant " contains no statement of the grounds
    of objection to the judgment or order appealed from, the
    same does not amount to an assignment of error, and the
    judgment of the lower court will be affirmed on motion with-
    out considering the merits of the case.

*Appeal from Sac District Court.*— HON. Z. A. CHURCH,
                        Judge.

WEDNESDAY, APRIL 12, 1905.

ON the 23d day of October, 1900, Peter McCormick's
undivided one-fifth interest in a tract of land, of which his
mother died seised, was sold to satisfy a judgment which
the plaintiff had obtained against him in 1889, and a cer-
tificate of sale issued accordingly. Thereafter Mary Mc-
Cormick began suit to enjoin the issuance of sheriff's deed
on the ground that she had acquired title to Peter's interest
in the land under deed dated March 26, 1900, but recorded
long after the sale. On hearing, the district court dismissed
her petition. and she appealed to this court. *McCormick v.*
*McCormick Harvesting Machine Co.,* 120 Iowa, 593.
After the appeal was perfected, and on October 22, 1901,
she applied for an order staying the issuance of a sheriff's
deed and extending the time of redemption until the issues
involved could be determined by this court, for that the
decree of the district court was erroneous, and " for the
purpose of protecting her rights in the matter." The
motion was sustained, and an order entered " staying
sheriff's deed of the land in question, and extending time

for redemption pending the appeal." The decree of the district court was affirmed May 22, 1903, and on the following day this court, on its own motion, entered an order extending the time of redemption for sixty days. A petition for re-hearing was filed and overruled. After the decree had been entered in the district court, partition proceedings were instituted, and on January 16, 1902, sale of the land was ordered, and it was directed that one-fifth of the proceeds, after payment of costs and attorney's fees, " be deposited with the clerk of the court to await the further order of the court in the case of *Mary McCormick v. McCormick Harvester Machine Co. et al.*" When the sale was made, does not appear. Mary McCormick seems to have requested the clerk of court to apply enough of this to redeem the land from the certificate of sale, and turn the balance over to her, which he refused to do. Thereupon this suit was begun June 11, 1903, to restrain the clerk from paying any part of such fund to Mary McCormick or any one other than plaintiff. On July 2d the clerk ascertained the amount required to redeem, and she paid it into his hands for that purpose, and it has remained there since. On July 20, 1903, the McCormick Harvesting Company moved that the last order of this court extending the time of redemption be expunged from the record, and on the 23d day of October following the motion was sustained. A few days later a motion by Mary McCormick to set the last order aside was overruled. Upon this state of facts, the district court held the attempt of Mary McCormick to redeem ineffectual, and ordered the clerk to pay the entire fund in his hands to the plaintiff. The defendant appeals.— *Affirmed.*

*Charles D. Goldsmith* and *George W. Bowen,* for appellant.

*Healy Bros. & Kelleher,* for appellee.

PER CURIAM.— Several doubtful questions appear in the record before us, but, for some reason, counsel for appellant has omitted to argue any of them. The paper entitled " Argument of Appellant" consists of an incomplete statement of facts which are said to " present the single issue raised in the court below:

" Did the order of the Supreme Court of Iowa, made on the 22d day of October, 1901, have the force and effect of giving Mary McCormick the right to redeem during the time her appeal was pending in that court ? "
— and continues:

" Judgment Appealed From.

" The court below decided that the order of the Supreme Court was made without jurisdiction and void, and that Mary McCormick's time of redemption was not extended thereby, and that redemption had not been made in time, and ordered the full amount of the money in the clerk's hands turned over to plaintiff.

" The appellant relies upon this error, and it is submitted, upon the

Authority

of the orders made in the case of *McCormick v. McCormick Harvesting Machine Co.,* 120 Iowa, 593, that the judgment of the court below should be reversed."

This is all of it, save the attorney's signature. It seems unnecessary to say that this is not an argument. No reason is suggested for denominating the ruling of the district court an error, and this alone was not sufficient. The decision of the *nisi prius* court is presumed to have been correct, and more than the mere assurance of the litigant that an error has been committed is exacted, before he is entitled to further hearing. An elaborate argument is not essential, but every person invoking the jurisdiction of this court must state the grounds of his objection to the judgment or order appealed . from. This rule · has long obtained, and is of universal application. *Siltz v. Hawk-*

*eye Ins. Co.*, 71 Iowa, 710; *Neimeyer v. Weyerhauser*, 95 Iowa, 497; *City of Ottumwa v. Hodge*, 112 Iowa, 430; *Hoyt v. Railway*, 117 Iowa, 296; *Thomas v. Hecker* (Iowa, 90 N. W. 598; *Riordan v. Guggerty*, 74 Iowa, 688; 2 Cyc. 1016.

Moreover, rule 54 requires that " the brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely and without argument or elaboration, together with the authorities relied on in support of them. . . . No alleged error or point, not contained in this statement of points, shall be raised afterwards, either by reply brief or in oral or printed argument." " (56) The briefs of any party may be followed by an argument in support of such briefs, which shall be distinct therefrom but shall be bound with the same. The argument shall be confined to discussion and elaboration of the points contained in the briefs in the order stated." When the reasons for appellant's contention appear in the points or propositions contained in his brief, subsequent elaboration by way of argument is optional, but both cannot be omitted. The paper filed contains neither points, propositions, nor argument; and, because of the omission, the appellee's demand on this ground that the order of the district court be affirmed, without considering the merits must be, and is, sustained.— *Affirmed.*