NELLIE COOPER, Appellant, v. CITY OF OELWEIN.

**Appeal:** ASSIGNMENT OF ERROR. While assignments of error as such are no longer essential, still the appellate court is entitled to know the errors relied on for reversal, and it is incumbent on the appellant to point out the particular ruling complained of and to indicate where it can be found in the record.

**Contributory negligence:** INSTRUCTIONS. The negligence which will defeat recovery for a personal injury is any want of ordinary care, however slight, which as an efficient cause contributes to the injury. In the instant case the instructions when construed together announce the correct rule.

**Municipal corporations:** DEFECTIVE STREETS: NEGLIGENCE: NOTICE. It is the duty of a municipality to exercise ordinary care to keep its streets in repair; but before it can be charged with negligence in that respect it must have had either actual or constructive notice of the defect, and opportunity to repair the same.

**Same:** INSTRUCTIONS: HARMLESS ERROR. Where the jury finds that plaintiff has no right of recovery for a personal injury, he can not complain of an erroneous instruction as to the measure of damages.

*Appeal from Oelwein Superior Court.*—Hon. M. D. Porter, Judge.

Tuesday, December 21, 1909.

Action for damages resulted in the dismissal of the petition. The plaintiff appeals.—*Affirmed.*

*C. H. Rohrig,* for appellant.

*Guy W. Backus, W. B. Ingersoll,* and *Clements & Estey,* for appellee.

Ladd, J.—The sidewalk along First Avenue in the city of Oelwein consists of cement blocks. At one place the edge of a block was from one and one-half to one and three-quarter inches higher than the surface of that next to it, and plaintiff, while rapidly walking, stepped on the high part with the heel of her shoe and the toe on the low part, lost her balance, and fell. She was injured, and in this action demanded damages, but these the jury denied. Eight errors are assigned, but the first four are too general to indicate the ruling to which the exception was intended to be taken. Thus the first is to the court's refusal to give instructions one to six requested by plaintiff "defining negligence, the care re-

quired of plaintiff, the liability of defendant in such cases to be commensurate with the risk and danger reasonably expected or liable to incur, and not covered by the court in its instruction." The next three are equally without point. Assignments of error as such are no longer essential to a review of the rulings of the district court (section 4136, Code Supp. 1907), but this court is entitled to know the errors relied on for reversal, and this much is exacted by rule fifty-four. The record will no more be searched to ascertain the rulings hinted at, but not stated, than formerly; but, to entitle the appellant to a hearing thereon, the particular ruling complained of must be indicated and where to be found in the record pointed out. This is the least that can be exacted from an appellant, and therefore the first four alleged assignments will be disregarded because of failure to state the errors or rulings to which exception is taken. *Dale v. Coal Co.,* 131 Iowa, 67; *McCormick Harvesting Machine Co. v. McCormick,* 128 Iowa, 155.

II.. The court, after indicating as a condition of recovery the necessity of a finding that defendant had been negligent, added that "she must further establish that she

2. CONTRIBUTORY NEGLIGENCE: instructions.

was not guilty of any negligence which in any way contributed to cause said accident or her injury," and, later on, that the burden was on her to prove that "she was not guilty of any contributory negligence." Had this not been followed by a clear and unequivocal definition of negligence the instruction must have been condemned. *Jerolman v. Ry.,* 108 Iowa, 177. But negligence was defined in the fifth instruction, and therefore the error, as was said it would have been in the cited case, was obviated, for that any neglect sufficient to constitute want of ordinary care when contributing to the injury will defeat recovery. The sixth instruction, in defining contributory negligence as any want of

ordinary care, however slight, which contributed as an efficient cause to the injury, has the approval of the cited case and of the authorities generally. The instruction when considered in connection with others was not erroneous.

III. Complaint is made of an instruction that defendant, after it knew, or, in the exercise of ordinary diligence, should have known, of the defect was entitled to a "reasonable time and opportunity before the accident to repair the defect." All exacted of the municipality was that it exercise ordinary diligence in keeping its streets in repair, and, before it can be said to have been negligent therein, it must have had notice of the defect complained of, actual or constructive, and an opportunity to restore the walk to a reasonably safe condition. Otherwise, there has been no want of ordinary care on the part of the officers charged with the duty of maintaining the streets in a reasonably safe condition. *Hall v. Town of Manson,* 90 Iowa, 585.

3. Municipal
corporations:
defective
streets: neg-
ligence:
notice.

It appears that plaintiff was married a few days after the accident, and the tenth instruction is criticised for allowing recovery for loss of time up to that event only. But this bore on the amount and not the right to recovery, as did also another portion of the tenth instruction, directing that pain and suffering due to neglect of plaintiff in not properly caring for her injuries should not be considered, and therefore, even if erroneous (a point not decided), could not have been prejudicial, as the right to recover at all was denied by the verdict. The judgment is *affirmed.*

4. Same: instruc-
tions: harm-
less error.