W. V. SILVERS, Relator, v. C. W. VERMILION, Judge,
Respondent.

**Contempt:** STAY OF PROCEEDINGS: EFFECT.   A stay of contempt pro-
ceedings for violating an injunction against the illegal sale of
liquor will not suspend the operation of the injunctional decree,
nor affect the power of the court to entertain other charges cf
contempt alleged to have been committed at a later date.

**Intoxicating liquors:** MUNICIPAL TAX: DEFAULT IN PAYMENT: EFFECT.
Failure to pay the tax imposed by a city upon the sale of in-
toxicating liquors, in addition to the statutory mulct tax, is such
a violation of the law as deprives one of the bar of the mulct
statute.

*Certiorari from Wapello District Court.*—HON. C. W.
VERMILION, Judge.

MONDAY, APRIL 10, 1911.

THE opinion states the facts.   Writ *dismissed.*

*Jaques & Jaques,* for relator.

*W. W. Rankin,* for respondent.

·WEAVER, J.—On March 7, 1910, the complainant
herein was adjudged guilty of contempt of court for vio-
lation of an injunction previously entered, restraining him
from the illegal sale of intoxicating liquors.   To obtain
a review of said proceedings and judgment, he sued out a
writ of *certiorari* from this court, and procured an order
staying further action thereon pending hearing and deci-
sion upon the matter of the writ.   At the March period
of the present term of this court that judgment was affirmed

and the writ of *certiorari* dismissed.   See *Silvers v. Roberts,* 150 Iowa, 639.   Another information was filed May 19, 1910, charging the complainant with further contempt of the same injunction in selling intoxicating liquors unlawfully at a date or dates subsequent to the entry of the judgment of conviction above referred to.   On trial upon said charge in the district court, the respondent herein presiding, complainant was again found guilty and a fine assessed against him.   To review this judgment, a second writ of *certiorari* was procured.

I.   One question raised by the complainant is as to the effect of the *certiorari* proceedings for review of the judgment of March 7, 1910, and the stay of proceedings

1. Contempt: stay of proceedings: effect.

granted therein.   As we view the situation, the two contempt proceedings are entirely distinct and independent.   While the injunctional decree alleged to have been violated is the same, the acts of violation charged are different; the last having been committed after the judgment was entered upon the one first complained of.   The stay of proceedings granted did no more than to suspend, for the time being, the enforcement of that judgment for punishment of that particular offense.   It did not and could not suspend the operation of the injunctional decree, nor did it suspend or in any manner affect the power of the trial court to entertain other charges of contempt alleged to have been committed at a later date.   The proposition is quite too obvious to call for discussion or citation of authorities.

II.   The point apparently most relied upon in support of the writ is that failure to pay the tax imposed by the city on liquor dealers in addition to the statutory mulct

2. Intoxicating liquors: municipal tax: default in payment: effect.

tax, as provided by Code, section 2455, and by the city ordinance introduced in evidence, is not such a violation of law as deprives the complainant of the bar of the mulct statute.   The same contention was made in the case

of *Silvers v. Roberts, supra,* and *Cheadle v. Roberts,* 150 Iowa, 639, and there held to be unsound. We are disposed to adhere to the rule applied in these precedents, and it necessarily governs this case. The reasons for it are sufficiently discussed in the opinion referred to. It follows that as the failure of complainant to pay the tax imposed by the city is conceded, he can not avail himself of the bar of the statute, and the trial court was right in holding him guilty of contempt. The case of *City v. Hodge,* 112 Iowa, 430, called to our attention by counsel, simply holds that the bond required by the statute was not intended to secure the payment of the tax imposed by the city. Neither that holding nor the reasoning on which it is grounded is inconsistent with the views we here express.

We may also add that the attempt of the city council to relieve complainant from the effect of his noncompliance with the law by subsequently passing a resolution, "waiving the forfeiture of the consent of the city on condition that he thereafter pay the stipulated sum monthly so long as he continues to sell liquor at retail," is not a material consideration. Possibly, though we do not decide, the council could by such resolution surrender the city's right to the delinquent tax, but it was very clearly beyond its power to make legal and innocent an act which the statute expressly declares to be unlawful.

The conclusions already announced render it unnecessary to dwell upon other propositions discussed by council. Some questions of practice have been raised, but we find nothing in which the court exceeded its powers or abused the discretion with which it was vested.

The judgment below must be sustained, and the writ of *certiorari* is therefore *dismissed.*