A. C. RIST, Plaintiff, v. DISTRICT COURT OF POLK COUNTY and HUGH BRENNAN, one of the Judges Thereof, Defendants.

Contempt: JUDGMENT UPON CONFLICTING EVIDENCE. On this prosecution for contempt for violating an injunction restraining the sale of liquor, the evidence is in such substantial conflict that the finding of guilty is not disturbed.

Same: INTOXICATING LIQUORS: VIOLATION OF INJUNCTION. Where a druggist was enjoined from selling liquor and his place of business was described in the injunction, and he thereafter sold the property to another, but remained in the business as a clerk, a personal sale by him was a violation of the writ and rendered him liable for contempt.

*Certiorari from Polk District Court.*

SATURDAY, NOVEMBER 22, 1913.

PLAINTIFF was found guilty of contempt of court by the sale of intoxicating liquor, and a fine of $200 was imposed. He brings the case here by certiorari. The writ is dismissed, and the judgment *Affirmed.*

*John McLennan,* for plaintiff.

*M. S. Odle,* for defendants.

PRESTON, J.—On December 20, 1910, the plaintiff was perpetually enjoined from the illegal traffic in intoxicating.

liquors in the city of Des Moines, or elsewhere in the judicial

**1. CONTEMPT: judgment upon conflicting evidence.**

district. The information charges that plaintiff violated said injunction on the 24th day of February, 1913, for that he sold intoxicating liquors, to wit, whisky, to one Tuttle. The evidence was heard, and the court found plaintiff guilty. The substance of the evidence is that Tuttle testified that on the 24th day of February, 1913, he bought a half pint of whisky from the plaintiff at about nine o'clock in the evening, and he produced at the trial the whisky alleged to have been so purchased. Two other witnesses corroborate Tuttle. They did not see him in the act of purchasing the liquor, but they went with him to the drug store, and claimed to have searched Tuttle before he went in, and say that he had no liquor on his person, and that when he came out he did have. One of them says he saw Tuttle in the store and watched him after he entered the store. Plaintiff denies the sale, and his employer, the owner of the drug store, testified they had no whisky in the place. Another witness says he supposes he was in the store on the 24th of February, but he has no way of fixing the dates, and that he never saw Tuttle there. Plaintiff admits he was in the store on the date in question. There was such a conflict in the evidence that we should not interfere with the finding of the District Court. *Cheadle v. Roberts*, 150 Iowa, 639-642.

It appears that at the time the original decree of injunction was granted the plaintiff was the proprietor of the drug store, and the injunction run against him as such, and

**2. SAME: intoxicating liquors: violation of injunction.**

described the property. It is claimed, and the evidence shows, that on February 12, 1913, plaintiff sold an interest in the business to another, and on the 14th day of February he sold his remaining interest, so that at the time of the alleged sale of whisky he was not the proprietor of the place, but he testifies that after the sale, and until after the 24th of February, 1913, he was employed as a clerk. It is the plaintiff's con-

tention that because plaintiff was not the proprietor of the place he would not be responsible for sales of liquor therein. This might be true, perhaps, if it was shown by the evidence that sales were made by some other person, or some other clerk or employee of the then proprietor. But the evidence is that the plaintiff himself personally made the sale and the trial court so found. This being so, the injunction having been decreed against him, the sale by him in the building as a clerk would be a violation of the injunction. The argument of plaintiff is that he was not interested or concerned in the drug store covered by the injunction, but, under the circumstances, it is not material whether he was concerned in the drug store or not. The question is, Was he concerned in the sale of the liquor?

The trial court did not err. The writ is dismissed, and the judgment *Affirmed.*

WEAVER, C. J., and EVANS and LADD, JJ., concur.