## CHAS. DUTTON, Plaintiff, v. D. M. ANDERSON, Judge, Defendant.

**Intoxicating liquor:** INJUNCTION: CONTEMPT: EVIDENCE. Upon a review by certiorari of contempt proceedings for the violation of a liquor injunction, weight will be accorded the finding of the trial court. The evidence in the instant case is held to support the finding that plaintiff had not sold his business, but was conducting the same in violation of law and of the injunction.

**Same:** KEEPING OF LIQUOR IN PUBLIC PLACES. The keeping of a public place resorted to and used by the proprietor and others as a club

room in which intoxicating liquors were kept, either for distribution among the patrons or for sale, is a violation of law and of an injunction restraining the illegal traffic in liquor.

*Certiorari from Wapello District Court.*—HON. D. M. ANDERSON, Judge.

THURSDAY, FEBRUARY 12, 1914.

PLAINTIFF was charged with violating a decree of injunction by being concerned unlawfully in the liquor traffic. He was found guilty of contempt, and brings the case here by certiorari. Dismissed and judgment *Affirmed*.

*J. J. Smith*, for plaintiff.

*Chester W. Whitmore* and *George L. Gillies*, for defendant.

PRESTON, J.—Under the evidence, there is no doubt about the premises being used for illegal traffic in intoxicating liquors. There were three rooms. The front room was used for the sale of cigars and tobacco, the middle room for playing pool, and the back room did not have much in it. The witnesses testified to buying beer and whisky, some of which was consumed in the place. When the premises were searched by officers, beer was found. A photograph of the front of the building was introduced in evidence, and has been certified. Lettered on the plate glass windows appears: "Dutton's Smoke House. Drink Moonshine. It Makes You Happy." Different brands of cigars were also advertised in the same way.

The only question is whether plaintiff was concerned in the illegal business. The trial court made the following findings of fact:

In the case against Charles Dutton an injunction was

issued against the defendant last spring. At and just preceding that time he was operating a cigar and pool room in the Utt building on Second street. He claims to have sold this business to one M. A. McKay, just prior to the granting of the injunction. On the 9th day of August, the witnesses Cramblit and Shillato both bought whisky and beer in the place. The beer was kept in a tub of ice water in the third room back from the front. Recently the sheriff made a search of the premises and found eight bottles of beer in the tub and three barrels of empty beer bottles in the basement. It very satisfactorily appears that the place was being used as a place for the illegal sale of intoxicating liquors. Neither witness claims to have bought of Dutton, but if he had charge of the place it would make no difference who made the sale. The sale made by him to McKay is open to serious doubt. It is easy to make transfers such as this in order to evade the law. While McKay afterwards paid the rent, Dutton continued to make the place his headquarters, and when the sheriff made the raid Dutton was present in the pool hall and told the sheriff he had the beer there, with others, for their own use. Section 2427 of the Code provides that the finding of beer in the possession of one in any building not a dwelling shall be presumptive evidence that it was kept for sale in violation of law. The defendant in no manner rebutted this presumption. Taken all together, the evidence shows that the defendant has violated the intoxicating liquor law and the injunction against him. As this is his first offense, he will be fined $300 and costs, including an attorney's fee of $50 in favor of plaintiff's attorneys, . . .

In such cases we give weight to the finding of the trial court. *Cheadle v. Roberts*, 150 Iowa, 639, 642.

We have read the record, and are satisfied with the findings. The alleged sale of the business by plaintiff to McKay took place only a few days before the injunction decree was entered; it appears there was a judgment against plaintiff which the officers were trying to make on execution; McKay had been a clerk for him; plaintiff did not remove his sign from the front windows; he was at the place every day after he claims to have sold the business. These facts and the manner in which the payments are alleged to have been made by

McKay, and some other circumstances, justified the court in finding that there had been no sale of the business as alleged. When the sheriff made the search and found eight bottles of beer, plaintiff was present, and said to the sheriff: "Don't take that beer. That is for our own personal use. We were playing a little pool and had a little beer to drink." This is not denied by the plaintiff, though he testified as a witness. The building was not a dwelling house, but a public place. If it was used by plaintiff and others as a clubroom, or for the distribution of the beer, or if the beer was received or kept in such place of business of plaintiff, even though it was for their personal use, it would be a violation of the law and of the injunction. *Shideler v. Tribe of the Sioux,* 158 Iowa, 417.

The evidence is sufficient to sustain the conviction, and the writ is dismissed and the judgment *Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.