C. W. NIES, Plaintiff, v. GEORGE JEPSON, Judge, Defendant.

INTOXICATING LIQUORS: Contempt—Injunction—Assumed Name
1 .—Effect. One enjoined under an assumed name from the sale, etc., of intoxicating liquors may be punished in his true name for violating the injunction.

INTOXICATING LIQUORS: Contempt—Violation of Injunction—
2 Evidence. Evidence reviewed in contempt proceeding for the violation of an injunction against the unlawful sale, etc., of intoxicating liquors, and held insufficient to show such violation.

INTOXICATING LIQUORS: Contempt—Evidence. The fact that 3 one accused of contempt in violating an injunction against the sale of intoxicating liquors had been arrested for "disturbing the peace", is no evidence that he was guilty of violating such injunction.

*Certiorari from Woodbury District Court.*—GEORGE JEPSON, Judge.

TUESDAY, FEBRUARY 15, 1916.

THIS is certiorari to review the action of the defendant in imposing a fine upon the plaintiff for an alleged violation of an injunction restraining violation of liquor laws of the state.— *Annulled* and *Reversed.*

George G. Yeaman, for plaintiff.

John F. Joseph, for defendant.

SALINGER, J.—I. On consent of one at that time styling himself J. W. Lang, a permanent injunction issued against said J. W. Lang, restraining him from thereafter violating the laws relative to the sale of intoxicating

1. INTOXICATING LIQUORS: contempt: injunction: assumed name: effect.

liquors. Both Lang and one C. W. Nies were made parties to the injunction suit. C. W. Nies was charged with violating this injunction, found guilty and punished. He moved below to set aside the judgment in contempt on the ground

that the injunction alleged to have been violated runs against J. W. Lang and is not an injunction against defendant C. W. Nies. In an amendment to the petition for injunction, it is expressly charged that "the said defendant, C. W. Nies, alias J. W. Lang", is maintaining the nuisance to abate which injunction is prayed. The trial court found that Lang and Nies are the same persons and that Lang is merely an alias for Nies. We think the evidence sustains this finding. It requires no elaboration that, if an individual have himself enjoined under an assumed name, he may be punished in his own proper name for violating the injunction.

II. It is further urged upon us that, though Nies may have been enjoined, there is no evidence that he violated the injunction. He was enjoined on the 17th day of December, 1914, and restrained from by himself, agents, servants, tenants, representatives or employees, keeping for sale, selling, offering for sale, trafficking in, or disposing of intoxicating liquors in violation of law, anywhere within the fourth judicial district. The information, charging him with contempt of court in violating said injunction, was filed "on the ——— day of December, A. D. 1914". We cannot say just when, except that it must have been later than December 17th, when the injunction was granted, and earlier than about December 28, 1914, when the precept was issued.

2. INTOXICATING LIQUORS: contempt: violation of injunction: evidence.

As said, the injunction was granted on December 17, 1914. The information charges violation thereof "since the date of said judgment and order", in that defendant has "on divers days sold and permitted and allowed the sale of alcoholic and intoxicating liquors in violation of law on Lot nine in Block twenty-four, Middle Sioux City, an addition in Sioux City, Woodbury County, Iowa, known as 310 to 312 Virginia Street, Sioux City, Woodbury County, Iowa, and within the limits of the fourth judicial district of Iowa, contrary to and in violation of law."

If we concede the claim that Nies did violate the liquor

laws of the state on December 3, 1914, this does not put him in contempt of an injunction forbidding such violation which was not issued until 14 days after December 3d. We are at some loss to understand the probative value of what occurred before the injunction was granted. It may have tended to show that there was cause for enjoining. But no proof was needed to sustain the injunction in a proceeding charging its violation. Possibly the evidence was put in on the theory that the fact of Nies' giving bond for those who were, on December 3d, arrested in the hotel kept by his wife, and arrested while drinking there, tends to show that Nies was then the owner of the hotel and that, by indulging the presumption of continuity, he was still its owner when liquor was found in that hotel, and men drinking it, after the injunction had issued. But we do not review a punishment for contempt *de novo*, and are concluded by the finding of the trial judge that Nies was not the proprietor of the hotel, if there be any evidence to sustain such finding. The court found "The evidence conclusively shows that he is not the proprietor of the place"; and there is an abundance of evidence for the holding. Now, the court said, also, and it is true, that "it is not essential that he be the proprietor of the place". But, if he be not, he was not in contempt of the injunction merely because liquors were kept and drunk in the place. It was commanded only that he should not, after the injunction issued, "by himself, his agents, servants, tenants, representatives or employees, or through any device or evasion, keep for sale, sell, offer for sale, traffic in or dispose of intoxicating liquors". There is no pretense of evidence that he did any of these things by agents, servants, tenants, representatives or employees. So the inquiry narrows to whether he himself did anything forbidden him, and whether he did so by what occurred on December 27th, on which day occurred all that is charged subsequent to the grant of the injunction. Liquor was on that day found in the hotel kept by his wife, in which he lived. It was of a quantity that raises a presumption that someone kept

it there with unlawful intent. This presumption becomes conclusive because it was Sunday, and a number of men were found with the liquor in a locked room that had to be broken into—all circumstances that indicate violently that they were engaged in drinking said liquor. But of itself this raises no presumption against Nies, who is not the proprietor. One is not in contempt of such an injunction as the one at bar, is not violating the liquor laws, merely because these laws are violated in a hotel owned by his wife. There is absolutely no evidence connecting Nies with what was done in the hotel on December 27th. There are 54 rooms in it. The officers who made the raid say that he was not in the one room where the liquor and the drinkers were. He was locked up in another room. It does not appear where that was with reference to the offending room. He was found in his room with his pants on, but no shoes. His wife says that he was in bed, though he was not in it when the officer got him. This is the evidence that Nies violated the injunction. The trial court claims none. It puts its judgment upon the

3. **Intoxicating liquors: contempt: evidence.** expressed and exclusive ground that on December 27th Nies was arrested for disturbing the peace, "evidently for the sale of intoxicating liquors in" this place. There was no evidence that he was arrested for selling liquor. On the contrary, the duly sworn information of the officer who arrested Nies is in evidence, and it declares that Nies "is accused of the crime of disturbing the peace for that on the 27th day of December, A. D. 1914, at Sioux City, in the county of Woodbury, state of Iowa, said defendant did unlawfully aid and assist in making a noise and disturbance within the limits of Sioux City, Iowa, to the disturbance of others, and with intent to provoke a breach of the peace contrary to the ordinances in such cases made and provided". We are unable to see how, even if there had been a plea of guilty to the information charging the disturbance of the peace, or an acquittal, or a conviction thereunder, it could be claimed that these or either could be used

as a plea in bar to a prosecution for the illegal sale of liquor. Nor can we agree that, if the information had been one charging the illegal sale of liquor rather than disturbance of the peace, the mere filing of such an information would be any evidence that Nies had violated the injunction. There was no plea of guilty to, trial upon, or judgment of guilty on this information. Therefore, it is a naked accusation. We know of no rule of law that makes an information charging the illegal selling of liquor evidence that the accusation is true.

There is an entire lack of evidence to support the complaint that Nies (though Lang) violated the injunction, and the judgment imposing a fine upon defendant must be— *Annulled.*

EVANS, C. J., DEEMER, LADD and GAYNOR, JJ., concur.