Ezy BIRD, Plaintiff, v. W. G. SEARS, Judge, Defendant.

**APPEAL AND ERROR:** Review—Scope and Extent in General—Certiorari Proceedings. A judgment deciding that there is a contempt for violating a liquor injunction is not reviewable *de novo* on certiorari in the Supreme Court, despite the concession of appellee that it is so reviewable.

**INTOXICATING LIQUORS:** Contempt—Intent to Use Liquor—Evidence. That a person who had been enjoined from the selling of intoxicating liquors dropped a sack containing 48 quarter-pint bottles, filled with whisky, and ran when an officer was seen, was ample proof of intent to use the liquor unlawfully, and so to violate the injunction.

INTOXICATING LIQUORS: Contempt—Sufficiency of Evidence. Ev-
3 idence reviewed, in an action for contempt for violation of a
liquor injunction, and held sufficient to sustain adjudication
of contempt.

APPEAL AND ERROR: Review—Harmless Error—Wrong Ground
4 for Correct Decision. The Supreme Court cannot interfere when
an objection is sustained, when a good objection in fact existed.

*Certiorari to Woodbury District Court.*—W. G. SEARS,
Judge.

SEPTEMBER 26, 1919.

THIS is certiorari to review the judgment of said dis-
trict court and said judge, adjudging plaintiff guilty of con-
tempt of court for violating a liquor injunction, and impos-
ing a punishment therefor.—*Affirmed.*

*Edward E. Baron,* for plaintiff.

*John F. Joseph,* for defendant.

SALINGER, J.—I. If it is plaintiff who ran, and dropped
a sack filled with bottles of whisky, when he saw an officer
approaching the plaintiff, the finding that he violated the
liquor injunction is correct. And the whole
record demonstrates that, when plaintiff
argues there is no evidence that he violated
such injunction, he means there is not a
sufficient identification of him as the doer
of acts that would constitute such violation.

1. APPEAL AND
ERROR: review:
scope and ex-
tent in general:
certiorari pro-
ceedings.

Defendant insists that plaintiff contends the judgment
adjudicating there is a contempt for violating a liquor in-
junction must be reviewed *de novo,* and defendant concedes
that this alleged contention on part of plaintiff is well
made. But the parties cannot, either singly or together,
make public law by concession. We said in *Nies v. Ander-
son,* 179 Iowa 326, at 330:

"Plaintiff contends that certain of our decisions hold
that the review of action on a charge of contempt is a hear-

ing *de novo*. We hold the contrary in *State v. Intoxicating Liquors,* 76 Iowa 243, at 244, and in *Nies v. Jepson,* 174 Iowa 188."

In *Nies v. Anderson,* we discuss other cases, and find they do not hold that the review is *de novo*. In *Sawyer v. Hutchinson,* 149 Iowa 93, we said:

"Of course, if the testimony be uncontradicted, or so clearly preponderates as to make it reasonably conclusive that the party charged was in contempt, we shall have no hesitancy in annulling the proceedings and remanding the case for proper action," but that the opinion of the trial court will not be wholly disregarded if there be a substantial conflict in evidence.

In *Dutton v. Anderson,* 163 Iowa 613, and *Cheadle v. Roberts,* 150 Iowa 639, at 642, we held that, in reviewing a finding of guilty on certiorari, weight will be accorded the finding of the trial court; in *Rist v. District Court,* 162 Iowa 244, that a finding of guilty will not be disturbed if there be a substantial conflict. In *Sawyer v. Hutchinson,* supra, we ruled that a contempt proceeding is quasi criminal, and requires a greater weight of evidence than ordinary civil cases, and that a clear case should be made before punishment is inflicted for the violation of an injunction. In summing up the discussion in *Nies v. Anderson,* supra, we said:

"On the whole, we think the rule is that the review is not *de novo;* that, while the finding below has weight, it does not have as much as has a verdict; and that, while evidence to sustain a finding of guilty must amount to more than the mere preponderance which sustains an ordinary recovery on the law side, it is not required that violation of an injunction be proved beyond a reasonable doubt."

II. Will an application of this rule permit our interfering here?

Plaintiff says, first, that, waiving the question of his identification, that his dropping a sack containing 48 quar-

ter-pint battles filled with whisky is no evidence that the liquor "was intended for any unlawful pur-

2. INTOXICATING LIQUORS: contempt: intent to use liquor: evidence.

pose, or was intended to be used by the defendant in violation of the injunction against him." We hold that the quantity and method of carrying the liquor, and dropping the sack, and running when an officer was seen, furnish ample proof of intent to use liquor unlawfully, and so to violate the injunction. Second, as to identity, the vitals of the argument for plaintiff is that

3. INTOXICATING LIQUORS: contempt: sufficiency of evidence.

it was too dark to identify him, because the occurrence in consideration transpired on a winter night, in December. But it would seem it was not too dark to interfere greatly with sight on part of the plaintiff. He testifies that, on this very occasion, and while in a grocery store, he saw the officer coming across the road, and saw him running after somebody. According to his argument, it seems it was not too dark for him, even when "far away," to see two men, and to see that "one ran into the alley and jumped in between the house, and the officer fell down," and to see that "the officer was not able to stand on his feet." He argues, also, that it is not shown the flashlight of the officer was "used continuously during the time the witness followed the person carrying the load." But the officer testifies, "I used a flashlight, which I flashed on him." Concede the light was not used continuously. That does not change the effect of the testimony that at one time it was used, and that at that time the identity of the plaintiff was revealed. Again, it seems to be fairly demonstrated that plaintiff ran away when he did see the officer. According to the argument for plaintiff, he was in a grocery store, and while there, "his attention was attracted by someone running, and the firing of a pistol shot." Surely, this must have attracted the attention of someone in the store then, as well as the atten-

tion of plaintiff. But no one then in the store was called by him. And then there is the fact that the bias of plaintiff is naturally more intense than that of the officer, who was merely a witness against him.

We are of opinion the proof is sufficient so that we may not set aside the order of conviction.

III. It is contended the court erred 'in refusing to allow the officer to answer questions propounded to him on cross-examination. The first reference to the condition of the officer as to sobriety is found, not in his testimony, but in his cross-examination. This testimony is, "I was not drunk that night; I did not have any drinks that night." What follows was an attempt to amplify this cross-examination. When the witness had made this statement, he was next asked: "How much do you drink?" Thereupon, the witness inquired, "Do I have to answer those questions?" and the trial court responded, "No, you need not answer that question unless it was on that night." No exception was taken to this ruling, and the witness then said: "I did not have anything to drink that day." It is doubtful whether the question to which answer was excluded was cross-examination. It is more than doubtful whether an inquiry into how much the witness drank generally was relevant or material. Under the rule that governs when an objection is sustained, we may not interfere if any good objection, in fact, exists. Moreover, there can be no review of this exclusion, because the ruling now complained of was not excepted to.—*Affirmed.*

4. APPEAL AND ERROR : review : harmless error : wrong ground for correct decision.

LADD, C. J., EVANS and PRESTON, JJ., concur.