FRANK EATON, Plaintiff, v. JOSEPH E. MEYER, Judge, et al., Defendants.

**INTOXICATING LIQUORS:** Contempt—Evidence. Evidence held sufficient to sustain a conviction for contempt.

*Certiorari from Polk District Court.*—JOSEPH E. MEYER, Judge.

MARCH 12, 1920.

DEFENDANT was accused and found guilty of contempt for the violation of a liquor injunction, and he brings this proceeding.—*Affirmed.*

*Parsons & Mills,* for petitioner.

*A. G. Rippey,* County Attorney, and *George F. Henry,* for defendants.

PRESTON, J.—In 1916, in an injunction suit, it was found that petitioner was engaged in owning and keeping intoxicating liquors, contrary to law, and carrying about on his person intoxicating liquors, and was then and there unlawfully selling the same, in violation of law. He was enjoined from owning, keeping, and selling intoxicating liquors, either by himself, his agents, servants, employees, or lessees. In February, 1917, he was found guilty of contempt of court for the violation of such decree. The finding in that case was offered in evidence in the present pro-

ceeding, for the purpose of showing that it was petitioner's
second offense. Defendant states that the 'first convic-
tion was offered in evidence as bearing on the punishment
in the instant case, as provided by the statute. He was
again found guilty in April, 1918, in this proceeding. The
violation of the injunction charged herein is alleged to have
taken place on the 24th of January, 1918. The only ques-
tion is whether the evidence is sufficient to justify the find-
ing of the trial court. It is contended by petitioner that
the evidence does not show that he was keeping liquor, or
that he sold it, or was concerned therein, and that there was
no evidence to so show. We cannot agree that there was no
evidence for the State on the fact question. It must be con-
ceded that there was a conflict in the evidence. Notwith-
standing the conflict, we are satisfied that the evidence was
sufficient to sustain the finding of the trial court.

We shall not go into the evidence in detail. On Jan-
uary 24, 1918, police officers Day, Kelsoe, and Marshall made
a raid on the place known as Temp Bar, 409 East 6th Street,
in Des Moines, and arrested Eaton. While they were raid-
ing the place, petitioner Eaton came in, and they arrested
him. They found a man named Butler behind the bar. They
searched him, and found four pints of whisky on his person.
It was known as Old Declaration whisky. The rinsing tanks
smelled of liquor. After Eaton was arrested, he went be-
hind the bar and picked up the keys, either in the cash reg-
ister or off it. Eaton said he could lock the door. He
took some money from the cash register, and put it in a
drawer in the back bar, and then went out, locked the door,
and gave the keys to one of the officers. When they went
to the police station, a bulletin was made out, showing the
arrest, and, in response to a request by one of the officers
to fill out the blank in the bulletin, Eaton said his residence
was at 618 East Grand Avenue. Thereupon, officers Day,
Jackson, and Denney went to 618, where they found Eaton's

wife, a colored cook, and another woman. They there found 35 quarts of beer and 19 pints of Old Declaration whisky, the same kind of whisky which was found on the man Butler, behind the bar. Day testified that he had seen Eaton behind the bar at the place in question, a number of times, the last time a few days before Eaton's arrest. The officers testify to the facts before set out.

Petitioner and his wife testify that he had no interest in the intoxicating liquor found at the residence, and that he had not been staying at the premises for three or four weeks, but that he had been rooming on East Sixth Street. She says the telephone was in her name, and that none of the liquors found at the residence were kept for sale, contrary to law. Petitioner says he had no interest in the Temp Bar, and that Butler was not in his employ; that he had no interest in the keys or money referred to. Other witnesses testify, on behalf of petitioner, to some of these circumstances. Under the evidence, Eaton exercised the rights of proprietorship of the Temp Bar and the money, and had been seen behind the bar in the place a short time before. The trial court was justified in finding that the business was conducted in such a manner as to evade the law, and that the liquor was kept at Eaton's home, and doled out in small quantities to Butler. The trial court saw and heard the witnesses, and was in a better position than we can be to discover the truth, and its finding is given some weight. *Cheadle v. Roberts*, 150 Iowa 639, 642.

The judgment is—*Affirmed.*

WEAVER, C. J., EVANS and SALINGER, JJ., concur.