# SUPREME COURT

OF THE

### STATE OF IOWA

AT

## DES MOINES

---

GORDON KOCHEN, Plaintiff, v. DISTRICT COURT OF WOODBURY
COUNTY et al., Defendants.

INTOXICATING LIQUORS: Contempt—Aiding and Abetting Viola-
tion. An injunction against the manufacture of intoxicating liquors
is violated by *knowingly aiding or assisting* another in the manufac-
ture of such liquors, even though such aider or abettor is not directly
or financially interested in such manufacturing.

*Certiorari to Woodbury District Court.*—A. O. WAKEFIELD,
Judge.

JUNE 24, 1924.

CERTIORARI to review the action of the Woodbury district
court, Honorable A. O. Wakefield, judge, presiding, in adjudg-
ing petitioner guilty of violating a liquor injunction. Petition

dismissed, writ discharged, and proceedings below affirmed.—
*Affirmed.*

*Yeaman & Yeaman,* for plaintiff.

*John F. Joseph,* for defendants.

VERMILION, J.—On March 19, 1921, by decree of the district court of Woodbury County, the petitioner, Gordon Kochen, his "servants, agents, tenants, representatives, or employees, by or through any person or persons, directly or indirectly, upon or under any device, pretense, or evasion" was "permanently and perpetually enjoined and restrained from illegally manufacturing, manufacturing for sale, selling, keeping for sale, offering for sale, handling, disposing of, or otherwise illegally trafficking in intoxicating liquors within the state of Iowa, or from maintaining or permitting to be maintained the nuisance complained of" and described, or from "maintaining or permitting to be maintained any other like nuisance within the state of Iowa."

On January 8, 1924, upon an information duly filed, and after a trial in the district court of Woodbury County, the petitioner was found guilty of contempt of court in having violated the injunction. To review this action of the lower court, Hon. A. O. Wakefield presiding, a writ of certiorari was sued out of this court.

Upon the hearing for a violation of the injunction, the following facts appeared without dispute:

On the evening of December 22, 1923, officers visited the residence in Sioux City of a man who went by the name of McDonald, but who is the brother of petitioner. On their arrival, they found the petitioner unloading 400 pounds of sugar from his automobile into the house through a window. The sugar was being received by McDonald on the inside of the house. In an upstairs room of the house, 500 gallons of mash, eight gallons of intoxicating liquor, and a still in operation, were found. Petitioner's wife and son and McDonald's wife were found in the room where the still was. Petitioner did not live at the place in question. McDonald, as a witness for the

petitioner, admitted that his real name was Frank Kochen, and that he had been running the still for about four weeks; that he sold the liquor he made; that he had told his brother, the petitioner, to get the sugar for him at a store in Morningside; that he wanted the sugar to make another batch of liquor. He testified that he came to Sioux City from Canada about four months before, and was working at a packing house. Both McDonald and his wife denied that petitioner had any interest in the illicit business they were carrying on. Neither petitioner nor his wife testified.

The action of the lower court is not reviewable here *de novo,* although its finding is not to be given the weight of the verdict of a jury. While it must be supported by more than a mere preponderance of the evidence, it is not required that the violation be established beyond a reasonable doubt. *Nies v. Jepson,* 174 Iowa 188; *Nies v. Anderson,* 179 Iowa 326; *Bird v. Sears,* 187 Iowa 75. There is no evidence warranting a finding that the petitioner was directly or financially interested in the manufacture of liquor at the place in question, but such a finding is not necessary, to sustain the conviction for violating the injunction. He was enjoined from directly or indirectly, or by any device, pretense, or evasion, manufacturing intoxicating liquor or maintaining any nuisance by so doing. Section 2405, Supplemental Supplement, 1915, in relation to proceedings to abate a liquor nuisance, provides that, when an injunction has been granted, any violation of the chapter on intoxicating liquors, by manufacturing, selling, or keeping for sale intoxicating liquors anywhere within the state, shall be punished as a contempt. Section 2382 of that chapter (Supplemental Supplement, 1915) provides, in substance, that no one, by himself, clerk, servant, employee, or agent, shall, for himself or any person else, directly or indirectly, or upon any pretense or by any device, manufacture, sell, or keep for sale any intoxicating liquor, or own, keep, or be in any way concerned, engaged, or employed in owning or keeping any intoxicating liquor with intent to violate any of the provisions of that chapter, and that any clerk, servant, employee, or agent engaged in aiding in any violation of the chapter shall be charged and convicted as principal.

Under these provisions, the petitioner, if knowingly aiding

.or assisting another in the manufacture of intoxicating liquor, would be guilty of a violation of law and violation of the injunction. That he knew that his brother was engaged in the manufacture of intoxicating liquor is a fair inference from the testimony. The intimacy between the two is clearly shown. He must have known that his brother, but a short time in the community, was living under an assumed name, and while working as a laborer was requiring and using sugar in very unusual quantities. According to the testimony of the brother, at his request petitioner procured for him 400 pounds of sugar, and delivered it after night through a window in his house. In doing so he was clearly acting as the agent of his brother. While there is no direct evidence as to plaintiff's knowledge of the still in operation in an upper room, his wife and son, who accompanied him on the occasion in question, were found in the same room, seemingly paying an ordinary visit, such as might be expected among intimate relatives. Their presence, immediately after their arrival at the place, in the room where the illegal manufacture of liquor was being actively carried on, apparently with the full consent of the brother, and petitioner's procurement and delivery of the sugar to be used in further illegal operations, under the circumstances, point very strongly to the latter's knowledge of the purpose for which it was to be used.

We think it is sufficiently established by the evidence that petitioner knowingly aided in the manufacture of intoxicating liquor and has been guilty of a violation of the injunction.

The proceedings below will be affirmed, the petition dismissed, and the writ discharged.—*Affirmed.*

Arthur, C. J., Stevens and De Graff, JJ., concur.