E. L. CARTER, Petitioner, v. HUBERT UTTERBACK, Judge, Respondent.

**JUDGMENT:** Essentials—Process to Sustain—Evidence. Evidence reviewed, and held to show that a manifest change in an original notice was made *after* due service.

Headnote 1: 33 C. J. p. 704.

*Certiorari to Polk District Court.*—HUBERT UTTERBACK, Judge.

### JUNE 25, 1925.

CERTIORARI to test the validity of an order and judgment of the district court of Iowa in and for Polk County, against the petitioner in a liquor contempt case. The writ issued herein is annulled, and the judgment complained of affirmed.—*Affirmed.*

*James E. O'Brien,* for petitioner.

*George Y. Hammond,* for respondent.

DE GRAFF, J.—This proceeding in certiorari determines the validity of a default decree of permanent injunction against the petitioner, for the violation of which he was tried and convicted on an information for contempt. The petitioner challenged the jurisdiction of the trial court by motion to dismiss the citation for contempt, on the ground that the decree of injunction alleged to be violated by him was void, as no original notice of the commencement of the injunction proceeding was served upon him for the term of court in which the decree was entered.

The chronology of the case discloses that, on November 20, 1923, a petition for permanent injunction was filed against E. L. Carter (petitioner herein) in the district court of Polk County, Iowa, by John B. Hammond, a citizen of Polk County. Service of the original notice was made on the same date. On the 10th day of January, 1924, a default and decree was entered, permanently enjoining the defendant from violating the liquor laws of Iowa. On the 29th day of February, 1924, an

information for contempt was filed against Carter, alleging a violation of the terms of the injunction.

The suspicion is not wanting that the original notice was changed. When, is the question. It is shown by the notice on file in the office of the clerk of the district court that the petitioner (defendant in the liquor injunction case) was notified to appear at the March, 1924, term of court, "which will commence at Des Moines on the 7th day of March, 1924." It is the claim of the respondent that the notice, as served and filed in said cause with the clerk, required the defendant to appear at the January term of court, which commenced on the 7th day of January, 1924. The notice on its face indisputably shows that it was changed at some time by someone. The word "January," or "Jan.," was originally typed in said notice. Subsequently the word or abbreviation was erased, and "March" was typed therein. Do the evidence and the reasonable inference to be drawn therefrom establish the fact that the change in said notice was made subsequent to its service upon the defendant? In other words, it must be determined that the word "January" was in the original notice at the time of its service upon the defendant, in order to have a valid decree of injunction against him. It is obvious that a contempt cannot be predicated on a void judgment. *Burtch v. Zeuch*, 200 Iowa 49. We are not differentiating between a void and a voidable judgment. *Hatlestad v. Hardin County Dist. Ct.*, 137 Iowa 146.

The instant judgment is either valid or void, depending upon whether or not the court had jurisdiction of the defendant in the first instance, and notwithstanding that the decree of injunction recites that the defendant "has been duly served with timely notice of the filing of ·this suit." *Newcomb v. Dewey*, 27 Iowa 381. This proceeding, therefore, in effect makes this court a trier of facts; and under such circumstances, some weight must be given to the finding of the trial court. *Dutton v. Anderson*, 163 Iowa 613; *Nies v. Anderson*, 179 Iowa 326. A criminal contempt is involved. The information had for its object the infliction of a criminal punishment, and the statute precludes a review by appeal of the order and judgment in such a case. Section 12550, Code of 1924. See, also, *Witmer v. District Court of Polk County*, 155 Iowa 244.

We therefore inquire what facts and what inferences sustain the finding of the trial court. The notice itself was prepared by Police Officer A. J. McGinn, who was the acting clerk of the city liquor bureau. He had in his possession typewritten blank forms of notice, and in this instance he filled in the blank spaces with a typewriter, using a black-inked ribbon. He testified that the notice on file in the clerk's office at the time of the contempt trial is not "the same as when I served it on E. L. Carter and made the return of service." It is observable on the face of the notice on file that the word "January," originally written, was changed to "March," by the use of a blue-inked ribbon. McGinn at no time used a ribbon of this color on his machine. It is also true that whoever made the alteration neglected to change the abbreviation "7th," which was the beginning of the January term, to "3d," the beginning of the March term. The notice was served upon the defendant November 20, 1923, and Officer McGinn testified that, during the month of November, 1923, he did not serve anyone with notice to appear at the March term of court. He also stated that at that time he knew the date on which the January, 1924, term of court commenced, and that it was the 7th of January; but he did not know at that time when the March term began. No motive or purpose could exist on the part of the officer preparing this notice, to make the indicated change. It is further shown that, after the service of the notice and the return made thereon by the officer, it was then handed by him to the attorney for the plaintiff, who filed the same with the clerk of the court on December 12, 1923. The attorney made no change thereon, and his testimony is without contradiction. No motive existed for his making the change from January to March. After the notice was filed with the clerk, his attention was first called to this matter on the appearance day of the March, 1924, term of court,—to wit, March 3d,—at which time the word "March" appeared in the notice. The clerk had nothing to do with the notice in question. He did not prepare it, and acted simply as a custodian of the files. No presumption of regularity arises from the mere possession of the files by him. The defendant testified that the notice required his attendance at the March term of court. He did not produce the copy served upon

him, stating that he must have lost it. He claimed to have no-
tified his attorney that he had been served with notice of an
injunction, and that the notice called for the March term, and
that thereafter he went to the office of his attorney, took the no-
tice with him, and showed it to his attorney.

One further fact appears. The original petition in the in-
junction case named two defendants: E. L. Carter, the peti-
tioner, and T. Fred Henry, the owner of the building in which
the alleged liquor nuisance was maintained. It appears with-
out dispute that the original notice prepared for service on
Henry recited the January, 1924, term of court as the appear-
ance term. By reason of the fact that service could not be se-
cured on Henry for that term, a change was made by plaintiff
in said notice; and it so appears. It is conceded that the plain-
tiff, when he learned that the sheriff failed to secure notice on
Henry, changed the term from January to March, and also the
day of the month from 7th to 3rd. This was done with pen and
ink. It is also shown that the defendant Carter talked with
his codefendant Henry after the notice had been served on the
latter, to wit, January 10, 1924. In that conversation, Henry
requested Carter to place the whole matter in the hands of his
attorney. This is the testimony of Carter.

Under this record, we reach the conclusion that the finding
made by the trial court and recited in the original decree of
injunction, that the defendant was duly served with timely
notice of the suit, is not impeached, and that the evidence war-
rants the finding of the trial court in the contempt proceeding
that the original notice as prepared and served on the petitioner
(defendant below) was for the January, 1924, term of court.
Wherefore the writ heretofore entered is annulled, and the judg-
ment entered by the trial court is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.