VALENTINE MADALOZZI, Petitioner, v. D. M. ANDERSON, Judge, Respondent.

CERTIORARI: Proceedings and Determination—Method of Trial—Extent of Proof. Certiorari to review contempt proceedings is not triable *de novo* in the Supreme Court, and proof of guilt need not appear beyond a reasonable doubt. (See Book of Anno., Vol. 1, Secs. 11433, 12464, Anno. 13 *et seq.*, 2027, Anno. 41 *et seq.*)

Headnote 1: 13 C. J. p. 104.

*Certiorari to Monroe District Court.—*D. M. ANDERSON, Judge.

JUNE 21, 1926.

Action in certiorari, to review a proceeding in contempt, wherein the petitioner was adjudged guilty of violating a decree of injunction restraining him from the illegal sale and manufacture of intoxicating liquors. Writ annulled, and the order of the district court affirmed.—*Affirmed.*

*Miller & Everett,* for petitioner.

*Theodore B. Perry,* County Attorney, for respondent.

FAVILLE, J.—The petitioner rested under a permanent injunction, restraining him from the manufacture or sale of intoxicating liquors. A large still, with other paraphernalia and ingredients used in the manufacture of intoxicating liquors, was discovered in a cave on a farm some ten miles distant from the petitioner's home, in an adjoining county. The petitioner is an Italian, and in the cave, among other things, was discovered a newspaper printed in Italian, and addressed to the petitioner. The farm upon which the cave was discovered was adjacent to an unfrequented road. There was evidence tending to show that, shortly prior to the discovery of the cave, the petitioner had been frequently seen traveling on the road which leads in the direction of said farm. The petitioner was also seen, a number of times shortly before the search of the cave, by members of the family that lived upon the adjoining farm, in the immediate vicinity of said farm. The record also tends to show that his visits in that locality ceased after the discovery and search of the cave.

This action is in certiorari, and is not triable *de novo* in this court.

It is not necessary, to sustain a conviction of contempt, that the proof establish the same beyond a reasonable doubt. *Nies v. Jepson,* 174 Iowa 188; *Nies v. Anderson,* 179 Iowa 326; *State v. Mullan,* 185 Iowa 794; *Bird v. Sears,* 187 Iowa 75; *Kochen v. District Court of Woodbury County,* 198 Iowa 1.

The sole contention of the petitioner is that the evidence is

insufficient to sustain the order of the court punishing the petitioner for contempt. The evidence in the case is such that we cannot hold that the action of the trial court in finding the petitioner guilty of contempt was illegal and unwarranted. The order of the lower court has substantial and adequate support in the record. Direct proof is not essential. The violation of the injunction may be shown by circumstantial evidence.

The writ of certiorari is therefore ordered annulled, and the order of the district court is in all respects—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.